

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00289-CR

THE STATE OF TEXAS                                                    STATE

V.

SCOTT ELLERY CRAWFORD JR.                                          APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1344184

----------

## OPINION

----------

Appellee Scott Ellery Crawford Jr. moved for en banc reconsideration of this panel's March 19, 2015 memorandum opinion. *See* Tex. R. App. P. 49.7. Acting sua sponte, we withdraw our March 19, 2015 memorandum opinion and judgment and substitute this opinion and judgment. *See* Tex. R. App. P. 19.1(b). Crawford's motion for en banc reconsideration is, therefore, rendered moot. *See Taflinger v. State*, 414 S.W.3d 881, 883 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The State appeals the trial court's order granting Crawford's motion to suppress the admission of the results of a blood test taken pursuant to a search warrant to determine his blood-alcohol concentration. Because we conclude that the magistrate had a substantial basis upon which to determine probable cause supported issuance of the requested warrant, we reverse the trial court's order and remand to that court for further, consistent proceedings.

## I. BACKGROUND

In the early morning hours of August 31, 2013, during a no-refusal weekend,[1] Officer Rafael Suarez with the Euless Police Department pulled over a speeding car that was travelling at sixty-one miles per hour in a forty-five-mile-per-hour zone. When Suarez approached the driver—Crawford—he smelled alcohol on Crawford's breath, noted that Crawford's speech was slurred, and saw that Crawford appeared to have bloodshot eyes. Crawford admitted to Suarez that he had been drinking. Crawford failed the standard field-sobriety tests. Suarez arrested Crawford for driving while intoxicated and transported him to the jail where Crawford refused to provide a breath sample. *See* Tex. Transp. Code Ann. §§ 724.011, 724.013 (West 2011). Suarez also arrested Crawford's passenger for public intoxication. *See* Tex. Penal Code Ann. § 49.02 (West 2011).

---

[1]During a no-refusal weekend, magistrates are on stand-by to sign warrants and the public is informed that a driver suspected of driving while intoxicated will have their blood drawn pursuant to a warrant if the driver does not consent to provide a breath sample. *See Burks v. State*, 454 S.W.3d 705, 707 (Tex. App.—Fort Worth 2015, pet. filed).

Suarez then prepared an affidavit recounting these facts to establish probable cause and requesting that a search warrant be issued in order to collect a blood specimen from Crawford. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b), (j) (West 2015). He further averred that he had seen intoxicated persons "on many occasions in the past" and that his experience and training led him to conclude that Crawford was intoxicated. He swore to the affidavit in front of a certified peace officer, Elijiah Abredoh. Because the magistrate for the City of Euless was not available, Suarez called the City of Fort Worth and was instructed to fax the affidavit to the city, which he did. This was the regular procedure of the police department for officers to follow if a Euless magistrate was unavailable. After reviewing Suarez's sworn affidavit and "all evidence available," Connie Langston,[2] a municipal-court magistrate for the City of Fort Worth, concluded probable cause for a warrant existed, signed a search warrant, and faxed it back to Suarez approximately ninety minutes after Suarez arrested Crawford. As part of the warrant, the magistrate stated that probable cause for the search warrant had been established by facts stated in Suarez's "affidavit in writing, under oath," which had "been made before" her.

Testing of the resulting blood specimen revealed that Crawford's blood-alcohol concentration was 0.15, almost twice the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011). A grand jury indicted Crawford with

---

[2]We will refer to Langston as "the magistrate" for the remainder of this opinion.

3

driving while intoxicated and included an enhancement paragraph alleging that Crawford had previously been convicted of misdemeanor escape in 2007. *See id.* § 12.43 (West 2011), §§ 38.06, 49.04 (West Supp. 2014). Crawford filed a motion to suppress the test results, arguing that (1) the stop, detention, and arrest were not supported by probable cause, (2) the warrant was not supported by probable cause and "was executed by unlawful means," and (3) the scope of the search exceeded that authorized by the warrant.

The trial court held a hearing on Crawford's motion on July 2, 2014. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006). Crawford ensured a subpoena was issued to the magistrate summoning her to appear at the hearing, but the record does not reflect that she was validly served.[3] *See id.* arts. 24.03, 24.04(a) (West 2009). The magistrate, who at the time of the hearing was no longer employed as a magistrate for Fort Worth, did not appear. Suarez appeared and testified to the facts leading to the issuance of the search warrant. After Suarez's testimony, Crawford withdrew his request for the clerk to issue an attachment for the magistrate and stated that "all the evidence is before the Court." *See id.* art. 24.12 (West 2009).

The trial court granted the motion to suppress, and the State filed a notice of appeal from the ruling. *See id.* art. 38.23 (West 2005), art. 44.01(a)(5) (West Supp. 2014). Crawford filed a request for findings of fact and conclusions of law

---

[3]In subsequent findings of fact, the trial court found that the magistrate had been "properly served."

4

along with proposed findings and conclusions for the trial court's signature, which delineated forty-seven proposed findings and conclusions. In his request and proposed findings and conclusions, Crawford conceded that Suarez's stop and investigation leading to Crawford's arrest were "legally justified." The trial court entered findings and conclusions, essentially adopting Crawford's proposed findings and conclusions, and concluded that the search warrant was not supported by probable cause. On appeal, the State raises seven points, which it groups into two categories: (1) the totality of the information in Suarez's affidavit provided a substantial basis for the magistrate to conclude that probable cause existed for the search warrant and (2) the procedures Suarez used to obtain the search warrant were lawful and, taken in tandem with the presence of probable cause, implicated the good-faith exception allowing admission of the blood-test results.

## II. PROBABLE CAUSE FOR SEARCH WARRANT

### A. STANDARD AND SCOPE OF REVIEW

When reviewing a trial court's ruling on a motion to suppress, appellate courts commonly employ a well-trod, bifurcated standard of review: (1) total deference is afforded to the trial court's rulings on questions of historical fact and to application-of-law-to-fact questions that turn on credibility and demeanor but (2) a de novo standard is applied to a trial court's application of the law to the facts. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). While this case involves our examination of the trial court's ruling on Crawford's motion

5

to suppress, it actually involves our secondary appellate review of the magistrate's probable-cause determination in issuing the search warrant, which is a similar, yet distinct, inquiry. *See State v. Webre*, 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.); 2 Wayne R. LaFave, *Search & Seizure* § 3.1(d) (5th ed. 2012); 6 LaFave, *supra*, § 11.7(c). Because we are a second-level appellate court reviewing the trial court's primary review of the magistrate's probable-cause determination, we are to use a "substantial basis" standard of review based on the "totality of the circumstances" presented to the magistrate.[4] *Illinois v. Gates*, 462 U.S. 213, 236–39, 103 S. Ct. 2317, 2331–32 (1983); *Flores v. State*, 319 SW.3d 697, 702 (Tex. Crim. App. 2010). In other words, we review the trial court's probable-cause determination de novo, applying the same substantial-basis standard as the trial court. *See State v. Duncan*, 72 S.W.3d 803, 806 (Tex. App.—Fort Worth 2002, pet. ref'd); 6 LaFave, *supra*, § 11.7(c). This standard confers the appropriate deference on the magistrate's determination given "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331.

Of course, a search warrant may not issue unless it is based upon probable cause, established by a sworn affidavit. U.S. Const. amend. IV; Tex. Code Crim. Proc. Ann. art. 18.01(b); *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Probable cause exists when, under the totality of the circumstances, there is a fair probability or a substantial chance that evidence of

---

[4]We discuss this test more fully in the next paragraphs.

6

a crime will be found at the specified location. *Gates*, 462 U.S. at 238, 243 n.13, 103 S. Ct. at 2332, 2335 n.13; *Duarte*, 389 S.W.3d at 354. In assessing the sufficiency of an affidavit for a search warrant, the reviewing court—whether the trial court or an appellate court—is limited to the four corners of the affidavit and must uphold the magistrate's probable-cause determination if the magistrate had a substantial basis for concluding that a search would uncover evidence of a crime. *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Duarte*, 389 S.W.3d at 354; *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993). This is a flexible and undemanding standard that allows a magistrate to draw reasonable, common-sense inferences from the facts and circumstances contained in the affidavit; however, a magistrate may not merely rubber stamp the bare conclusions of others. *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *Duarte*, 389 S.W.3d at 354; *State v. McClain*, 337 SW.3d 268, 271 (Tex. Crim. App. 2011); *Flores*, 319 S.W.3d at 702. Accordingly, reviewing courts must "conscientiously review the sufficiency of affidavits on which warrants are issued" to ensure issuing authorities have not impermissibly abdicated their duty to determine probable cause. *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333.

After reviewing the supporting affidavit realistically and not hyper-technically, a reviewing court must defer to the magistrate's decision as long as the magistrate had a substantial basis for concluding that probable cause existed. *Duarte*, 389 S.W.3d at 354; *McLain*, 337 S.W.3d at 271. Indeed, any review of a magistrate's determination of probable cause affords the magistrate's

7

decision "great deference." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *see McLain*, 337 S.W.3d at 271; *State v. Coker*, 406 S.W.3d 392, 396 (Tex. App.—Dallas 2013, pet. ref'd); *Farhat v. State*, 337 S.W.3d 302, 306 (Tex. App.—Fort Worth 2011, pet. ref'd). The reviewing court's focus cannot be on what other facts could or should have been included in the affidavit, but rather must be on the combined logical force of facts that actually are in the affidavit. *Duarte*, 389 S.W.3d at 354–55. The reliability of the affiant and his sources of information are part of the totality of the circumstances that the magistrate should evaluate in making her probable-cause determination. *See Coker*, 406 S.W.3d at 396; *Munoz v. State*, No. 02-12-00513-CR, 2013 WL 4017622, at *3–4 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (mem. op., not designated for publication); *cf. Farhat*, 337 S.W.3d at 307–10 (concluding affidavit did not provide substantial basis for probable-cause finding supporting blood-draw warrant because affidavit did not contain arresting officer's personal observations of intoxication and, thus, impermissibly relied on unsupported inferences).

### B. APPLICATION

Suarez swore in his affidavit that after pulling Crawford over for speeding at 2:34 a.m., he smelled "an unknown odor of an alcoholic beverage odor" on Crawford's breath, Crawford's speech was slurred, and Crawford's eyes appeared to be bloodshot. When Suarez asked Crawford whether he had been drinking, Crawford admitted that he had. Crawford failed unspecified standard field-sobriety tests and refused to provide a breath specimen. Suarez averred

8

that he was a peace officer, had previously seen intoxicated persons many times, and suspected that Crawford was intoxicated at the time Suarez pulled him over. Suarez requested a search warrant for Crawford's blood specimen, which had a fair probability or a substantial chance of producing evidence that Crawford committed the offense of driving while intoxicated. The magistrate reviewed the evidence included in the sworn affidavit and determined that probable cause existed for the issuance of a search warrant for Crawford's blood specimen.

These facts found in the four corners of Suarez's affidavit and the reasonable inferences derived from them, taken as a whole, provided a substantial basis by which the magistrate could have reasonably concluded that a blood-alcohol test had a fair probability or a substantial chance to uncover evidence that Crawford had been driving while intoxicated. *See State v. Jordon*, 342 S.W.3d 565, 569–72 (Tex. Crim. App. 2011); *State v. Moore*, No. 05-14-00123-CR, 2014 WL 5478209, at *3 (Tex. App.—Dallas Oct. 30, 2014, pet. ref'd) (mem. op., not designated for publication); *State v. Castro*, No. 07-13-00146-CR, 2014 WL 4808738, at *4–5 (Tex. App.—Amarillo Sept. 23, 2014, no pet.) (mem. op., not designated for publication); *Webre*, 347 S.W.3d at 383, 385–86. Because the magistrate had a substantial basis to support her probable-cause determination, the trial court (and this court on appeal) was required to defer to that determination.

In the findings and conclusions, the trial court apparently failed to defer to the magistrate's probable-cause determination and impermissibly credited

9

conflicting inferences to be drawn from the affidavit. For example, the trial court found that when Crawford admitted he had been drinking, Suarez failed to clarify in the affidavit that Crawford had been drinking "water, milk, a soft drink, an iced tea, an energy drink, lemonade, beer, wine or some other type of alcoholic beverage." The trial court also found that Suarez's affidavit statement that Crawford failed the field-sobriety tests was insufficient to establish probable cause because the officer failed to specify what tests were given or how Crawford failed the tests administered. Finally, the trial court found that there was no probable cause shown by the affidavit because Suarez failed to recite that Crawford had "unsteady balance, needed support, was falling down, staggering, . . . was swaying, was heavy footed, or that his clothing was disorderly, soiled or stained, unable to follow instructions or commands, unable to retrieve driver[']s license, insurance proof or other identifying information." In total, thirteen of the trial court's twenty-four factual findings regarding the affidavit pointed out what evidence was missing or could have been part of the affidavit. The trial court in making these findings employed a hyper-technical reading of the affidavit that focused on what facts were not included, which is prohibited in a review of a magistrate's probable-cause determination and fails to accord it the appropriate deference. *Duarte*, 389 S.W.3d at 354–55. Merely because conflicting inferences could be drawn from the affidavit does not justify a reviewing court's conclusion that the magistrate did not have a substantial basis upon which to find probable cause. *See Stanley v. State*, No. 02-10-00342-CR,

2011 WL 3211241, at *3–4 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op., not designated for publication). The inferences the magistrate reasonably could have drawn from the four corners of the affidavit gave her a substantial basis to conclude a blood test had a fair probability or a substantial chance to provide evidence of Crawford's intoxication. *See Munoz*, 2013 WL 4017622, at *3; *Webre*, 347 S.W.3d at 385–86, 388; *Stanley*, 2011 WL 3211241, at *4. The trial court erred by concluding otherwise.

## III. DEFECTS IN THE WARRANT

The State also argues that because the affidavit established probable cause sufficient to justify the magistrate's issuance of a warrant, any defects in the warrant did not render the blood-test evidence inadmissible. The State specifically attacks the trial court's finding that the magistrate's statement in the warrant that the affidavit was "made before" her was untrue and rendered the warrant fatally defective because it was "premised on a false statement." *See* Tex. Code Crim. Proc. Ann. art. 18.01.

The exclusionary rule, urged by Crawford in seeking suppression of the blood-test results, contains a limited exception allowing admission of otherwise-inadmissible evidence: the good-faith exception. *See generally* Tex. Code Crim. Proc. Ann. art. 38.23. This exception provides that even if evidence was unconstitutionally or illegally obtained, it nevertheless may be admitted if it was "obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art.

11

38.23(b). Therefore, evidence is not rendered inadmissible based on a defect in the warrant found after its execution if the warrant was based on a neutral magistrate's determination of probable cause. *See Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997). We have concluded that the magistrate had a substantial basis upon which to conclude probable cause existed for a search warrant. Thus, the good-cause exception to the exclusionary rule allowed admission of the blood-test results even if the warrant contained a defect.[5]

## IV. CONCLUSION

The facts stated in the four corners of Suarez's affidavit provided a substantial basis upon which the magistrate could have reasonably determined probable cause existed to issue a search warrant. By delineating what was missing from the affidavit and concluding probable cause was not present based on those missing facts, the trial court impermissibly strayed from the deferential,

---

[5]We are not holding that (1) the magistrate's statement that the affidavit was "made before" her was false; (2) such a statement, even if false, rendered the warrant fatally defective; or (3) that an affiant must be visually or aurally before the magistrate before a warrant validly may be signed. *Cf. Clay v. State*, 391 S.W.3d 94, 102–04 (Tex. Crim. App. 2013) (holding officer not required to swear out affidavit in the physical presence of magistrate and noting that "before" included "under the official purview of," not solely corporal presence). Indeed, a search warrant, as opposed to an arrest warrant, requires only a supporting, sworn affidavit and does not specify that the affiant must be physically "before" the magistrate for a valid warrant to issue. *Compare* Tex. Code Crim. Proc. Ann. art. 18.01(b), *and id.* art. 18.04 (West 2015), *with id.* art. 15.03(a)(2) (West 2015). A search warrant is sufficient if it is issued under the name of the State of Texas, identifies what is to be seized, commands any peace officer of the proper county to conduct a search, and is dated and signed by the magistrate. Tex. Code Crim. Proc. Ann. art. 18.04; *Gish v. State*, 606 S.W.2d 883, 885 (Tex. Crim. App. [Panel Op.] 1980). The search warrant in this case did so and, therefore, was sufficient.

substantial-basis test, which binds reviewing courts. Therefore, the trial court erred by failing to defer to the magistrate's probable-cause determination, given the probable-cause facts shown in the four corners of the affidavit. The probable cause supporting the search warrant, therefore, allows admission of the blood-test results obtained under the warrant based on the good-faith exception to the exclusionary rule. Accordingly, we sustain the State's first, second, third, fourth, and seventh points, reverse the trial court's order granting Crawford's motion to suppress, and remand the case to the trial court for further proceedings consistent with this opinion. *See* Tex. R. App. P. 43.2(d), 43.3. We need not address the State's two remaining points. *See* Tex. R. App. P. 47.1.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DAUPHINOT, J. filed a concurring opinion

PUBLISH

DELIVERED: May 21, 2015

13