PD-1023-15_PD-1029-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/22/2015 3:39:30 PM
Accepted 10/25/2015 12:09:20 PM
ABEL ACOSTA
CLERK

No. PD-1023-15, PD-1024-15, PD-1025-15, PD-1026-15, PD-1027-15, PD-1028-15, and PD-1029-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

FILED IN
COURT OF CRIMINAL APPEALS

October 23, 2015

ABEL ACOSTA, CLERK

**Rene Zamora**

Appellant

v.

**The State of Texas**

Appellee

On Appeal from Travis County in Case Nos. D-1-DC-13-904008, D-1-DC-13-904011, D-1-DC-13-904012, and D-1-DC-13-904014 through and including D-1-DC-13-904017; From the 299th District Court, the Hon. David Crain, Judge Presiding; and the Opinion of the Thirteenth Court of Appeals in Case Nos. 13-13-00405-CR and 13-13-00675-CR through and including 13-13-00680-CR; Delivered July 2, 2015.

# Petition for Discretionary Review

Submitted by:

**David A. Schulman**
Attorney at Law
zdrdavida@davidschulman.com
State Bar Card No. 17833400

**John G. Jasuta**
Attorney at Law
lawyer1@johnjasuta.com
State Bar No. 10592300

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Rene Zamora

**Oral Argument is Requested**

# Identity of Parties and Counsel

Pursuant to Rule 38.1(a), Rules of Appellate Procedure ("Tex.R.App.Pro."), the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, as well as appellate counsel, so the members of the Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

## Appellant

**Rene Zamora**
Uvalde, Texas

Trial Counsel

**Richard Segura, Jr.**
SBN 00788384
707 West 14th St
Austin, Texas 78701-1707

**Anton "Tony" Hackebeil**
SBN 08667150
Post Office Box 835
Bandera, Texas 78003

Appellate Counsel

**David A. Schulman**
SBN 17833400
**John G. Jasuta**
SBN 10592300
1801 East 51st St, Ste 365-474
Austin, Texas 78723

## State of Texas

**Hon. Lisa C. McMcMinn**
State's Prosecuting Attorney
SBN 13803300
Post Office Box 13046
Austin, Texas 78711

**Hon. Rosemary Lemberg**
District Attorney
Post Office Box 1748
Austin, Texas 78767-1748

Trial Counsel

**Amy Meredith**
SBN 24034575

**John Lee Hunt, Jr.**
SBN 24036814

Appellate Counsel

**Angie Danielle Creasy**
SBN 24043613

**Michael Scott Taliaferro**
SBN 00785584

# Table of Contents

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . vii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of Procedural History. . . . . . . . . . . . . . . . . . . . vii

Note About Abbreviations.. . . . . . . . . . . . . . . . . . . . . . . . viii

Facts of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ground for Review Number One.. . . . . . . . . . . . . . . . . . . . . 3

**The Court of Appeals Erred by Sustaining the Trial Court's Action in Overruling Appellant's Motion to Suppress Evidence.**

Facts Relevant to First Ground for Review. . . . . . . . . . . . . . . 3

Summary of the Argument First Ground for Review. . . . . . . . . 4

Argument & Authorities - Ground Number One. . . . . . . . . . . . 5

Conclusion - Ground Number One.. . . . . . . . . . . . . . . . . . 13

# Table of Contents
## (CONT)

Ground for Review Number Two.. . . . . . . . . . . . . . . . . . . . . . 14

**Whether Penal Code Section 3.03(b)(3)(B) Requires That There Be a Plea Bargain Before a Trial Court Is Permitted to "Stack" a Suspended or Probated Sentence on Top of a Sentence for a Period of Years Which Was, in Itself, Stacked on Another Sentence for a Term of Years.**

Facts Relevant to Second Ground for Review. . . . . . . . . . . . 14

Summary of the Argument Second Ground for Review. . . . . . 15

Argument & Authorities - Ground Number Two. . . . . . . . . . . 15

Conclusion - Ground Number Two.. . . . . . . . . . . . . . . . . . . . 20

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Compliance and Delivery . . . . . . . . . . . . . . . . 21

# Index of Authorities

**Federal Cases**:

*Brinegar v. United States*, 338 U.S. 160 (1949). . . . . . . .  7, 10

*Chandler v. Miller*, 520 U.S. 305 (1997). . . . . . . . . . . . . . .  8

*Illinois v. Gates*, 462 U.S. 213 (1983). . . . . . . . . . . . . . .  5, 6

*States v. Sokolow*, 490 U.S. 1 (1989). . . . . . . . . . . . . . . .  7

*United States v. Daniel*, 982 F.2d 146 (5th Cir. 1993). . . . . .  7


**Texas Cases**

*Cassias v. State*, 719 S.W.2d 585
    (Tex.Cr.App.1986). . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 12

*Crider v. State*, 352 S.W.3d 704 (Tex.Cr.App. 2011). . . . . . . .  7

*Davis v. State*, 202 S.W.3d 149 (Tex.Cr.App. 2006). . . . .  7, 11

*Flores v. State*, 319 S.W.3d 697 (Tex.Cr.App. 2010). . . . . . . .  5

*Gish v. State*, 606 S.W.2d 883 (Tex.Cr.App. 1980). . . . . . . . .  7

*Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App. 1971). . . . . . .  7

*Moreno v. State*, 415 S.W.3d 284 (Tex.Cr.App. 2013). . . . . . .  5

# Index of Authorities
## (CONT)

**Texas Cases** (CONT):

*Rodriguez v. State*, 232 S.W.3d 55
(Tex.Cr.App. 2007). . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 12, 13

*Schmidt v. State*, 659 S.W.2d 420 (Tex.Cr.App. 1983). . . . . . . 7

*Shepherd v. State*, 273 S.W.3d 681
(Tex.Cr.App. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*State v. Le*, PD-0605-14 (Tex.Cr.App., April 29, 2015). . . . . . . . 6

*State v. McLain*, 337 S.W.3d 268 (Tex.Cr.App.2011). . . . . . . . 6

*Zamora v. State*, 13-13-00405-CR (Tex.App. -
Corpus Christi; July 2, 2015). . . . . . . . . vii, 3, 4, 11, 17, 19

**Federal Constitution**:

Fourth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 7

**Texas Statutes / Codes**:

Code of Criminal Procedure

Article 42.08. . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

Penal Code

Section 3.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# Index of Authorities

## (CONT)

**Texas Statutes / Codes** (CONT):

Penal Code (CONT)

Section 3.03. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Section 3.03(a). . . . . . . . . . . . . . . . . . . . . . . . . . 17

Section 3.03(b). . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Section 3.03(b)(2)(B). . . . . . . . . . . . . . . . . . . . . 18

Section 3.03(b)(3). . . . . . . . . . . . . . . . . . . . . . . 19

Section 3.03(b)(3)(B). . . . . . . . . . . . . . . . . . . . 14, 19

# Statement Regarding Oral Argument

Given the Fourth Amendment principles involved and their broad application to Texas' jurisprudence, Oral Argument is requested as to Appellant's First Ground for Review.

# Statement of the Case

The following is a general statement of the nature of the case:

This case involves the issues of the sufficiency of the four corners of a search warrant affidavit, and whether a term of probation can be "stacked" on top of two prison (state jail) sentences which have themselves been stacked.

# Statement of Procedural History

The following is a summary of the procedural history of the instant case:

Appellant was charged by indictment with multiple counts of "Improper Photography or Visual Recording," a state jail felony. Following a jury trial, he was convicted in case number D-1-DC-13-904015 (PD-1023-15),[1] and sentenced to two years in state jail on each of six (6) counts. Subsequently, he entered pleas of guilty in all remaining cases.

He was sentenced by the trial court to two years in state jail in each of the remaining cases. The trial court

---

[1] Further references to case numbers will utilize the case numbers assigned by the Court of Criminal Appeals.

ordered the sentence in case number PD-1029-15 to run consecutively to the sentence in case number PD-1023-15. In case number PD-1027-15, the trial court imposed a 3 year term of community supervision, "to begin when the judgment and sentence in said Cause Number D1-DC-13-904016 shall have ceased to operate."[2]

Notice of Appeal was timely given in case number PD-1023-15 on May 28, 2013. Notice of Appeal was timely given in all other cases on October 31, 2013. The Court of Appeals affirmed Appellant's convictions in ***Zamora v. State***, Nos. 13-13-00405-CR[3] and 13-13-00675-CR[4] through and including 13-13-00680 [5] (Tex.App. - Corpus Christi; July 2, 2015)(not designated for publication).

By previous Order of this Court, this petition is timely filed if presented to the Clerk of the Court of Appeals on or before October 23, 2015.

## Note About Abbreviations

In this brief, Appellant refers to the Clerk's Record as "CR" followed by the appropriate page: e.g., "(CR 123)." Appellant refers to the Reporter's Record as "RR" followed by the volume, page and line numbers: e.g., "(RR Vol. 3, P. 47, L. 12-15)."

---

[2] PD-1029-15.

[3] PD-1023-15.

[4] PD-1024-15.

[5] PD-1029-15.

No. PD-1023-15, PD-1024-15, PD-1025-15, PD-1026-15, PD-1027-15, PD-1028-15, and PD-1029-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

## Rene Zamora
Appellant

v.

## The State of Texas
Appellee

On Appeal from Travis County in Case Nos. D-1-DC-13-904008, D-1-DC-13-904011, D-1-DC-13-904012, and D-1-DC-13-904014 through and including D-1-DC-13-904017; From the 299th District Court, the Hon. David Crain, Judge Presiding; and the Opinion of the Thirteenth Court of Appeals in Case Nos. 13-13-00405-CR and 13-13-00675-CR through and including 13-13-00680-CR; Delivered July 2, 2015.

# Petition for Discretionary Review

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Rene Zamora, Appellant in the above styled and numbered cause, by and through David A. Schulman and John G. Jasuta, his undersigned attorneys of record, and respectfully files this "Petition for Discretionary Review," and would show the Court as follows:

1

# Facts of the Case
### (As Set out in the Court of Appeals' Opinion)

This consolidated appeal involves multiple counts across seven charges of improper photography or visual recording brought against Zamora, who served as the equipment manager for The University of Texas at Austin's (UT) women's track team.

V.S., a UT women's track team member, testified that on September 3, 2010, after competing at a meet in Houston earlier that day, the team arrived in Austin at the Mithoff Track and Soccer Fieldhouse, and V.S. decided to take a shower in the team's locker room. As V.S. showered, she looked up to the shower curtain rod of the shower stall and noticed the lens of a "flip camera" pointed at her. Startled, V.S. pulled the curtain back and observed Zamora running away from the showers. V.S. called out to Zamora, but Zamora simply said "'sorry' and kept on running." V.S. testified that she notified her coach, Stephen Sisson, following the incident, and Coach Sisson notified the UT police department.

UT Police Detective Michael Riojas questioned Zamora and eventually obtained a search warrant of Zamora's apartment. At Zamora's apartment, Detective Riojas seized an Apple PowerBook as well as a couple of USB "thumb drives," or portable electronic storage devices. The devices were later turned over to the UT Information Security Office for forensic analysis. Daryl Ashley, a UT Information Security Office employee, testified that his examination of the Apple PowerBook revealed various image and video files that depicted "individuals who were photographed or video [taped] . . . in the locker room facility on [the UT] campus or in another location."

Zamora pleaded not guilty to all of the counts alleged in appellate cause number 13-13-00405-CR and was tried by a jury. After hearing the evidence, the jury found Zamora guilty as charged and sentenced him to two years' imprisonment in the Texas Department of Criminal Justice. Zamora later pleaded guilty to the remaining six multiple-count charges and was sentenced by the trial court in the following manner: (1) two years' imprisonment for appellate cause numbers 13-13-00678-CR, 13-13-00677-CR, 13-13-00675-CR, and 13-13-00676-CR, to run concurrent with appellate cause number 13-13-00405-CR; (2) two years' imprisonment for appellate cause number 13-13-00680-CR, to run cumulative to the 13-13-00405-CR

2

sentence; and (3) two years' imprisonment, suspended and probated for three years, for appellate cause number 13-13-00679-CR, which will commence following the 13-13-00680-CR sentence. This appeal followed.

*Zamora*, slip op. at 2-3.

## Ground for Review Number One

**The Court of Appeals Erred by Sustaining the Trial Court's Action in Overruling Appellant's Motion to Suppress Evidence.**

## Facts Relevant to First Ground for Review

During the investigation into the offense, a search warrant was executed at Appellant's apartment, during Appellant's absence. The officers executing the search warrant seized computer equipment which contained both still photos and video clips. Every photographic exhibit used by the State during trial in this case was obtained from one of the devices seized pursuant to the search warrant. According to the Court of Appeals:

> Detective Riojas's affidavit outlined the facts that started his investigation of Zamora, including the report filed by V.S. related to the September 3, 2010 locker room shower incident. The affidavit also states that Detective Riojas spoke with Zamora, who admitted to filming V.S. in the shower with a camera that recorded onto digital memory cards. Furthermore, the affidavit states that Zamora was aware that digital media can be stored onto computers, and Zamora admitted that his home personal computer, an Apple notebook, contained

3

"numerous amounts of graphic photographs depicting sexual acts." The affidavit provides a detailed explanation to the magistrate regarding how digital media is stored on computers. Detective Riojas also stated in his affidavit that based on his training and experience, "it is known that digital media video recordings are downloaded to computers and media storage devices." Finally, the affidavit notes that the UT women's track team owns three digital video cameras that were available to Zamora and one of the cameras was "missing its media storage card." Based on this information, Detective Riojas asserted that probable cause existed that Zamora's personal computer was used to further his crimes of improper photography or visual recording.

*Zamora*, slip op. at 5-6.

Appellant moved to suppress the fruits of the search, claiming that the search warrant affidavit could not and did not demonstrate probable cause. A hearing without live testimony was conducted on the motion to suppress, during which the parties argued whether the affidavit in support of the search warrant was sufficient to establish. The trial court overruled the motion to suppress (RR "Supplemental Volume Motion to Suppress Evidence Court's Ruling," PP. 5-6).

## Summary of the Argument
## First Ground for Review

The Court of Appeals' analysis ignored the law and the facts and, therefore, reached the wrong conclusion. A proper analysis

4

would have determined the affidavit in support of the search warrant demonstrated nothing more than a mere possibility there would be any relevant information discovered.

## Argument & Authorities - Ground Number One

Before issuing a search warrant, the magistrate must first find probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex.Cr.App. 2007); *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Cr.App. 2010); *Moreno v. State*, 415 S.W.3d 284, 287 (Tex.Cr.App. 2013). This process requires that the magistrate "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The reviewing court reviews a trial court's decision to deny a motion to suppress for an abuse of discretion. *Shepherd v. State*,

273 S.W.3d 681, 684 (Tex.Cr.App. 2008). It applies a highly deferential standard to the magistrate's determination because of the constitutional preference that searches be conducted pursuant to a warrant. *Gates*, 462 U.S. at 236; *State v. McLain*, 337 S.W.3d 268, 271 (Tex.Cr.App.2011). Accordingly, the reviewing Court's duty is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed," based on the four corners of the affidavit and reasonable inferences therefrom. *Gates*, 462 U.S. at 238-239; *Cassias v. State*, 719 S.W.2d 585, 587-588 (Tex.Cr.App.1986); *State v. Le*, PD-0605-14 (Tex.Cr.App., April 29, 2015)(slip op. at 8-9). The reviewing court must attempt to determine whether, looking only at the affidavit involved, the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236.

As this Court held in *Rodriguez*, 232 S.W.3d at 60, the federal courts have also held that probable cause means a fair probability that contraband or evidence of a crime <u>will</u> be found. See, e.g.,

United *States v. Sokolow*, 490 U.S. 1, 7 (1989); *United States v. Daniel*, 982 F.2d 146, 151 (5th Cir. 1993). A search warrant is supported by probable cause when the facts set out within the "four corners" of the affidavit are "sufficient to justify a conclusion that the object of the search is <u>probably</u> on the premises to be searched at the time the warrant is issued." *Davis v. State*, 202 S.W.3d 149, 154 (Tex.Cr.App. 2006)(emphasis added).[6]

As it pertains to the instant case, "probable cause" means something more than "mere suspicion." Probable cause requires the existence of facts sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Brinegar v. United States*, 338 U.S. 160, 175 (1949). "The Fourth Amendment . . . restraint on government conduct generally bars officials from undertaking a search or seizure absent individualized suspicion." *Chandler v. Miller*, 520 U.S. 305, 308 (1997). As indicated by the trial court's comments

---

[6] See also *Crider v. State*, 352 S.W.3d 704, 707 (Tex.Cr.App. 2011)(FN6), citing *Schmidt v. State*, 659 S.W.2d 420 (Tex.Cr.App. 1983); *Gish v. State*, 606 S.W.2d 883, 886 (Tex.Cr.App. 1980); *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App. 1971).

when it denied the motion to suppress, the averments in the search warrant demonstrate nothing more than there was some possibility relevant information <u>might</u> be found.

In **_Cassias_**, the Court had to determine whether a magistrate was justified in issuing a search warrant. The Court held that the facts stated within the affidavit were not sufficiently specific to the residence sought to be searched to support a finding of probable cause that marijuana and cocaine would be found there. **_Cassias_**, 719 S.W.2d at 587.

In that case, although an "apparently reliable" confidential informant had seen the defendant in possession of marijuana and cocaine within twenty-four hours of the affiant's request for the warrant, nothing in the affidavit connected the defendant to the residence. The affidavit alluded to a surveillance, but did not clearly indicate where the surveillance occurred. In the course of that surveillance, a different individual, not the defendant, was observed "carrying brick type packages believed to be marijuana." That same individual was also seen carrying a plastic tub and

tubing into the back yard. Finally, the affidavit stated that at some unspecified time the affiant had seen "several narcotics users" "in and out" of the residence "for brief periods of time."[7]

The *Cassias* Court held that it was unreasonable for the magistrate to find probable cause to search the residence based upon the affidavit in support of the search warrant.

> Even assuming that it was even the named residence that was the subject of the surveillance, nothing but apparently innocent activity was observed. The affidavit supplied no basis to support the conclusion that the "bricks" were marijuana, there being no description of the characteristics or odor of the bricks that would lead the magistrate to a conclusion that they were marijuana, or even explain why the affiant believed they were. There was no description of the possible use of a tub or tubing that was said to be at the location, or how these articles are consistent with illegal activity. Finally, there was no explanation as to why the affiant concluded that the persons observed were narcotics users. The affiant failed to state how he knew the persons were narcotics users and how their presence on the property led to the conclusion that marijuana and cocaine would be present.

*Cassias*, 719 S.W.2d at 587. Appellant asserts that the search warrant affidavit in the instant case was even more deficient than that in *Cassias*.

The affidavit in the instant case did not give any indication that Appellant made any statement which would indicate that there were any images on either his computer or the storage

---

[7] See *Cassias*, 719 S.W.2d at 586-587.

9

devices. Additionally, nothing within the affidavit indicated that any of the images the affiant speculated would be found on Appellant's computer (or storage devices) would constitute child pornography.

Finally, to the extent that the search warrant's affiant formed a belief, at the time he interviewed Appellant, that the computer might contain relevant images, nothing in the affidavit supports a conclusion that such images would still be on the computer four days later. The trial court's comments at the time it denied the motion to suppress, like the assertions in the search warrant affidavit, clearly do <u>not</u> demonstrate that evidence of the crime would <u>probably</u> be found. Probable cause is more than "bare suspicion." ***Brinegar***, 338 U.S. at 174-175.

In its opinion rejecting Appellant's Fourth Amendment claim, the Court of Appeals wrote:

> Zamora cites to Cassias v. State to support his argument that Detective Riojas's affidavit failed to establish probable cause to search his computer. 719 S.W.2d 585 (Tex. Crim. App. 1986). However, we find Cassias distinguishable and inapplicable to the facts of this case. In Cassias, the court of criminal appeals held that the facts and circumstances of the affidavit, provided by a confidential informant, in that case were "too disjointed and imprecise" to believe that illegal

10

drugs would be found at the searched property. Id. at 590. Unlike in Cassias, Zamora, the subject of the investigation, admitted that his computer contained graphic photographs of a sexual nature, and was aware that digital media could be stored on computers. Furthermore, the affidavit noted that one of the track team's video cameras was missing its media storage card. We hold that the facts and inferences in this case are sufficient to establish a fair probability that Zamora used his home computer to further his crimes of improper photography or visual recording, and we defer to the magistrate's finding that the affidavit demonstrated a substantial basis for his conclusion. Rodriguez, 232 S.W.3d at 62. Zamora's first issue is overruled.

*Zamora*, slip op. at 6-7.

Appellant would show that whether he "used his home computer to further his crimes" was and is of no importance. The sole question the Court of Appeals should have decided was whether the affidavit demonstrated that relevant evidence would <u>probably</u> be found on the premises of Appellant's apartment "at the time the warrant is issued." *Davis*, 202 S.W.3d at 154.

That Appellant may have, at some time in the past, "used his home computer to further his crimes of improper photography or visual recording" would be of no help to the magistrate in determining the answer to that question. This is especially true in this case, given that, as pointed out by defense counsel in the hearing on the motion to suppress (RR Vol. 2, P. 8), four days had

11

elapsed between the initial incident and the issuance of the search warrant. Such a period of time would have been more than sufficient for any evidence of the "crimes of improper photography or visual recording" to have been removed from Appellant's computer, and/or more than sufficient time for Appellant to have moved his computer equipment to a different location, or even to have destroyed the computer equipment.

In regards to the time frame relationship between the initial incident and the issuance of the search warrant, the search warrant affidavit in the instant case provided even less information than the affidavit deemed to have been deficient in *Cassias*. The affidavit in this case provided the magistrate no time frame information.

In *Rodriguez*, on which the Court of Appeals relied, the Court held that probable cause exists when there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Rodriguez*, 232 S.W.3d at 60. That's will be

12

found, not <u>might</u> be found.  Thus, ***[Rodriguez](#)*** is clearly not supportive of the Court of Appeals' holding.

## Conclusion - Ground Number One

Nothing in the search warrant affidavit in this case supported the conclusion that evidence of the crimes Appellant was at that time alleged to have committed would <u>probably</u> be found in his apartment.  Rather, the affidavit demonstrated only that such evidence may have been there at some unspecified point, without any indication that such evidence ever was actually to be found at the apartment, let alone that it would <u>probably</u> be found there at the time the search warrant was issued.

Thus, the trial court erred in overruling Appellant's motion to suppress evidence, and the Court of Appeals erred by affirming the trial court's actions.  The motion to suppress evidence should have been granted, and Appellant is entitled to a new trial.

## Ground for Review Number Two

**Whether Penal Code Section 3.03(b)(3)(B) Requires That There Be a Plea Bargain Before a Trial Court Is Permitted to "Stack" a Suspended or Probated Sentence on Top of a Sentence for a Period of Years Which Was, in Itself, Stacked on Another Sentence for a Term of Years.**

## Facts Relevant to Second Ground for Review

Appellant was convicted by a jury in case number PD-1023-15 in March of 2013. In September of 2013, Appellant entered pleas of guilty in all remaining cases.

The trial court sentenced Appellant to two (2) years in a State Jail in each case, cumulated ("stacked") the sentence in PD-1029-15 on the sentence previously imposed in PD-1023-15, and probated the sentence in PD-1028-15 for a period of three (3) years, with that term of probation ("community supervision") not to begin until Appellant had been released from State Jail on the two (2) year sentence in PD-1029-15. Each of the other two year sentences were to be served concurrently with the two year

14

sentence in PD-1023-15. Appellant timely objected to the trial court's action (RR 3 of 4, P. 55, L. 7-8).

## Summary of the Argument
## Second Ground for Review

Absent a plea bargain permitting it to do so, a trial court may not stack a probated sentence on top of a sentence for a term of years which has itself been stacked on a sentence for a term of years.

## Argument & Authorities - Ground Number Two

Three statutes govern the trial court's authority to stack. The first is Article 42.08, C.Cr.P., which provides as follows:

> (a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years, and the cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of confinement in jail applicable to the misdemeanor offenses, though in no event more than three years, including extensions of periods of community supervision under Section 22, Article 42.12, of this code, if none of the offenses are offenses under Chapter 49, Penal Code, or four years, including extensions, if any of the offenses are offenses under Chapter 49, Penal Code.

15

(b) If a defendant is sentenced for an offense committed while the defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

(c) If a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense.

Once the exceptions of sections "b" and "c" are considered, Art. 42.08 effectively provides a trial court with three distinct options:

❶ Impose sentences of confinement to be served either concurrently or consecutively;

❷ Suspend sentences of confinement and order periods of community supervision to be served either concurrently or consecutively; or

❸ Impose a sentence, suspend another sentence, and order the suspended sentence to run either concurrently with the imposed sentence or after the imposed sentence has ceased to operate.

The second of the three statutes governing the trial court's authority to stack is Section 3.01 of the Penal Code. This section provides the definition for a "single criminal episode." It is undisputed that Appellant was found guilty of more than one

offense arising out the same criminal episode. ***Zamora***, slip op. at 8.

The third statute is Penal Code section 3.03, which contains special stacking rules when the defendant is convicted of multiple offenses in a consolidated trial. In pertinent part, Section 3.03 provides as follows:

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

Under the plain language of Section 3.03(a), a court must order a defendant's sentences to run concurrently when the defendant has been convicted of more than one offense in a consolidated trial. As explained, *infra*, Section 3.03(b) restores the trial court's discretion to stack sentences, even when the offenses are tried together, if the resulting convictions involve certain enumerated offenses, such as intoxication assault and intoxication manslaughter.

In 2005, the legislature expanded on Section 3.03(b) by including a list of enumerated offenses subject to the exception.

17

Appellant acknowledges that, because of that action, under sub-section (b)(2)(B) of the current version of Section 3.03, sentences (and, therefore, periods of probation) for Penal Code section 21.15 (Improper Photography) may be stacked, even when tried in a single criminal action.

That provision, however, only applies to cases in which there was a plea agreement. See Penal Code section 3.03(b):

> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:
>
> * * *
>
> (3) an offense:
>
> (A) under Section 21.15 or 43.26, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or
>
> (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections;

In short, the trial court would have been authorized to stack the probation imposed in case number PD-1028-15 on the sentence imposed in case number PD-1029-15 if the sentences imposed on October 24, 2013, were part of a plea bargain. There

was, however, no agreement as to sentencing, and, thus, the trial court lacked the authority to do what it did.

At the Court below, Appellant argued that Penal Code Section 3.03(b)(3)(B) only permitted multiple sentences (and, therefore, periods of probation) for convictions under Penal Code section 21.15 (improper photography), to be stacked in cases in which there was a plea agreement. *Zamora*, slip op. at 8. The Court of Appeals rejected this argument, finding that "section 3.03(b)(3)(B) does not require a plea bargain," and that the section "is an alternative avenue under section 3.03(b)(3) for which a trial court may order the sentences to run concurrently or consecutively." *Zamora*, slip op. at 8-9.

Appellant respectfully suggests that the Court of Appeals has misinterpreted Penal Code section 3.03(b)(3). Before the trial court may stack a suspended or probated sentence on top of a sentence for a term of years in circumstances such as are present in the instant case, there must be a plea bargain permitting the trial court to do so.

## Conclusion - Ground Number Two

Appellant was convicted of offenses arising out of a single criminal episode which were tried in a single criminal action. There was no agreement as to punishment, so the trial court was without the authority to order the term of probation / community supervision in case number PD-1028-15 to begin only after Appellant had been released from State Jail on the two (2) year sentence in case number PD-1029-15. Thus, the cumulation order found at page 22 in the Clerk's Record for case number PD-1028-15 was improperly entered and should be struck.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Rene Zamora, Appellant in the above styled and numbered cause respectfully prays that the Court will grant Discretionary Review of the instant case, and upon submission of the case will remand the case to the Court below with instructions to return the case to the trial court for a new trial in each cause; or, alternatively, return the case to

20

the Court below with instructions to remand for a new punishment hearing.

Respectfully submitted,

**David A. Schulman**
Attorney at Law
zdrdavida@davidschulman.com
State Bar Card No. 17833400

**John G. Jasuta**
Attorney at Law
lawyer1@johnjasuta.com
State Bar No. 10592300

1801 East 51st Street, Suite 365-474
Austin, Texas 78723
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Rene Zamora

# Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 4,208 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on October 22, 2015, a true and correct copy of the above and foregoing "Petition for Discretionary Review" was transmitted via the eService function on the State's eFiling portal, to Matthew Foye (matthew.foye@traviscountytx.gov), counsel of record for the State of Texas; and to the Hon. Lisa McMinn (Lisa.McMinn@SPA.texas.gov), State's Prosecuting Attorney.

_____
**David A. Schulman**

# Exhibit "A"

Court of Appeals' Opinion of July 2, 2015.



NUMBER 13-13-00405-CR
NUMBER 13-13-00675-CR
NUMBER 13-13-00676-CR
NUMBER 13-13-00677-CR
NUMBER 13-13-00678-CR
NUMBER 13-13-00679-CR
NUMBER 13-13-00680-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RENE ZAMORA,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 331st District Court
of Travis County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides

By two issues, appellant Rene Zamora appeals his multiple-count convictions for

improper photography or visual recording, a state jail felony. *See* TEX. PENAL CODE ANN. § 21.15(b)(2) (West, Westlaw through 2013 3d C.S.). Zamora asserts that (1) the trial court erred in denying his motion to suppress evidence; and (2) the trial court improperly ordered one of his sentences to run cumulative to a prior sentence. We affirm.

## I. BACKGROUND[1]

This consolidated appeal involves multiple counts across seven charges of improper photography or visual recording brought against Zamora, who served as the equipment manager for The University of Texas at Austin's (UT) women's track team.

V.S., a UT women's track team member, testified that on September 3, 2010, after competing at a meet in Houston earlier that day, the team arrived in Austin at the Mithoff Track and Soccer Fieldhouse, and V.S. decided to take a shower in the team's locker room. As V.S. showered, she looked up to the shower curtain rod of the shower stall and noticed the lens of a "flip camera" pointed at her. Startled, V.S. pulled the curtain back and observed Zamora running away from the showers. V.S. called out to Zamora, but Zamora simply said "'sorry' and kept on running." V.S. testified that she notified her coach, Stephen Sisson, following the incident, and Coach Sisson notified the UT police department.

UT Police Detective Michael Riojas questioned Zamora and eventually obtained a search warrant of Zamora's apartment. At Zamora's apartment, Detective Riojas seized an Apple PowerBook as well as a couple of USB "thumb drives," or portable electronic

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

storage devices. The devices were later turned over to the UT Information Security Office for forensic analysis. Daryl Ashley, a UT Information Security Office employee, testified that his examination of the Apple PowerBook revealed various image and video files that depicted "individuals who were photographed or video [taped] . . . in the locker room facility on [the UT] campus or in another location."

Zamora pleaded not guilty to all of the counts alleged in appellate cause number 13-13-00405-CR and was tried by a jury. After hearing the evidence, the jury found Zamora guilty as charged and sentenced him to two years' imprisonment in the Texas Department of Criminal Justice. Zamora later pleaded guilty to the remaining six multiple-count charges and was sentenced by the trial court in the following manner: (1) two years' imprisonment for appellate cause numbers 13-13-00678-CR, 13-13-00677-CR, 13-13-00675-CR, and 13-13-00676-CR, to run concurrent with appellate cause number 13-13-00405-CR; (2) two years' imprisonment for appellate cause number 13-13-00680-CR, to run cumulative to the 13-13-00405-CR sentence; and (3) two years' imprisonment, suspended and probated for three years, for appellate cause number 13-13-00679-CR, which will commence following the 13-13-00680-CR sentence. This appeal followed.

## I.  MOTION TO SUPPRESS

By his first issue, Zamora contends that the trial court erred in denying his motion to suppress the evidence obtained from his apartment pursuant to the search warrant.

### A.  Standard of Review

In reviewing a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Johnson v. State*, 414

3

S.W.3d 184, 192 (Tex. Crim. App. 2013); *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).   When the trial court does not make explicit findings of fact, we infer the necessary factual findings that support the trial court's ruling if the record evidence (viewed in light most favorable to the ruling) supports these implied facts. *Johnson*, 414 S.W.3d at 192.

Motions to suppress are reviewed pursuant to a bifurcated standard under which the trial judge's determinations of historical facts and mixed questions of law and fact that rely on credibility are granted almost total deference when supported by the record.   *Id.* But when mixed questions of law and fact do not depend on the evaluation of credibility and demeanor, we review the trial judge's ruling de novo.   *Id.* (citing *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. 2013); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

## B.   Discussion

Zamora argues that the State lacked probable cause to support the issuing of the search warrant.   We disagree.

"The cornerstone of the Fourth Amendment and its Texas equivalent is that a magistrate shall not issue a search warrant without first finding "probable cause" that a particular item will be found in a particular location."   *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007).   The court of criminal appeals has noted that the definition of probable cause is "frequently beauty in the eye of the beholder."   *Id.*   Thus, when deciding whether probable cause exists, a "magistrate is not bound by such finely tuned standards as proof beyond a reasonable doubt or by a preponderance of the evidence; rather his sole concern should be probability."   *Id.*   The test is whether a reasonable

4

reading by the magistrate would lead to the conclusion that the affidavit provided a "substantial basis for the issuance of the warrant"; thus, "[t]he magistrate's sole concern should be probability." *Id.* (internal citations omitted). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Id.* It is a "flexible and nondemanding" standard. *Id.*

The probability sufficient to establish probable cause cannot be based on mere conclusory statements of an affiant's belief. *Id.* at 61. Instead, an affiant must present an affidavit that allows the magistrate to independently determine probable cause, and the magistrate's actions cannot be a mere ratification of the bare conclusions of others. *Id.* When reviewing a magistrate's decision to issue a warrant, we apply a highly deferential standard in keeping with the constitutional preference for a warrant. *Id.* Therefore, we interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences, and when in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id.* The final inquiry for our review is whether there are sufficient facts, coupled with inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a given location. The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit. *Id.* at 62. With these principles in mind, we turn to the affidavit in this case.

Detective Riojas's affidavit outlined the facts that started his investigation of Zamora, including the report filed by V.S. related to the September 3, 2010 locker room

shower incident. The affidavit also states that Detective Riojas spoke with Zamora, who admitted to filming V.S. in the shower with a camera that recorded onto digital memory cards. Furthermore, the affidavit states that Zamora was aware that digital media can be stored onto computers, and Zamora admitted that his home personal computer, an Apple notebook, contained "numerous amounts of graphic photographs depicting sexual acts." The affidavit provides a detailed explanation to the magistrate regarding how digital media is stored on computers. Detective Riojas also stated in his affidavit that based on his training and experience, "it is known that digital media video recordings are downloaded to computers and media storage devices." Finally, the affidavit notes that the UT women's track team owns three digital video cameras that were available to Zamora and one of the cameras was "missing its media storage card." Based on this information, Detective Riojas asserted that probable cause existed that Zamora's personal computer was used to further his crimes of improper photography or visual recording.

Zamora cites to *Cassias v. State* to support his argument that Detective Riojas's affidavit failed to establish probable cause to search his computer. 719 S.W.2d 585 (Tex. Crim. App. 1986). However, we find *Cassias* distinguishable and inapplicable to the facts of this case. In *Cassias*, the court of criminal appeals held that the facts and circumstances of the affidavit, provided by a confidential informant, in that case were "too disjointed and imprecise" to believe that illegal drugs would be found at the searched property. *Id.* at 590. Unlike in *Cassias*, Zamora, the subject of the investigation, admitted that his computer contained graphic photographs of a sexual nature, and was aware that digital media could be stored on computers. Furthermore, the affidavit noted

6

that one of the track team's video cameras was missing its media storage card. We hold that the facts and inferences in this case are sufficient to establish a fair probability that Zamora used his home computer to further his crimes of improper photography or visual recording, and we defer to the magistrate's finding that the affidavit demonstrated a substantial basis for his conclusion. *Rodriguez*, 232 S.W.3d at 62. Zamora's first issue is overruled.

## II. SENTENCING

By his second issue, Zamora asserts that the trial court improperly sentenced him.

## A. Applicable Law and Standard of Review

When a defendant has been convicted in two or more cases, the trial court has discretion to order the sentences imposed or suspended in the second and subsequent convictions to begin when the judgment and sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases. *See* TEX. CODE CRIM. PROC. art. 42.08(a) (West, Westlaw through 2013 3d C.S.). Therefore, a trial court's decision to order a defendant's sentence to run cumulatively or concurrently is reviewed for an abuse of discretion. *Id.*; *see Nicholas v. State*, 56 S.W.3d 760, 764–65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). In this context, we will find an abuse of discretion only if the trial court (1) imposes consecutive sentences where the law requires concurrent sentences; (2) imposes sentences where the law requires consecutive ones; or (3) otherwise fails to observe the statutory requirements pertaining to sentencing. *Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.); *see also Nicholas*, 56 S.W.3d at 765.

7

**B.    Discussion**

Zamora argues that the trial court abused its discretion in ordering his suspended sentence in appellate cause number 13-13-00679-CR to begin after his release from his two-year sentence in appellate cause number 13-13-00680-CR because this was not a plea bargain case.   We disagree with Zamora's reading of the law.

Generally, when a defendant is convicted of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, the sentences shall run concurrently.   *See* TEX. PENAL CODE § 3.03(a) (West, Westlaw through 2013 3d C.S.). However, if the defendant is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of an offense under section 21.15 of the penal code, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or for which a plea agreement was reached in a case in which the accused was charged with more than one offense under section 21.15, regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections.   *See id.* § 3.03(b)(3).

It is undisputed that Zamora was found guilty of more than one offense arising out the same criminal episode under section 21.15 of the penal code (Improper Photography or Visual Recording).   Thus, we find nothing under section 3.03(b)(3) of the penal code that would have prevented the trial court from ordering Zamora's suspended sentence in appellate cause number 13-13-00679 to run consecutive to Zamora's sentence in appellate cause number 13-13-00680.   While it is true that this is not a plea bargain case, section 3.03(b)(3)(B) does not *require* a plea bargain, as Zamora erroneously asserts, in

order for the trial court to order the sentences to run consecutively. Instead, that subsection is an alternative avenue under section 3.03(b)(3) for which a trial court may order the sentences to run concurrently or consecutively. As a result, the trial court did not abuse its discretion. We overrule Zamora's second issue.

### III. CONCLUSION

We affirm the trial court's judgments.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
2nd day of July, 2015.