

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1731-12

**DIMAS MORENO, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## LUBBOCK COUNTY

**HERVEY, J., delivered the opinion of the unanimous Court. COCHRAN, J., filed a concurring opinion.**

## O P I N I O N

In this case, a magistrate issued a warrant to search Appellant's house for crack cocaine based on an affidavit detailing a controlled purchase in which police used a reliable confidential informant to purchase narcotics through an unknown third party. The third party was not aware of the police operation. However, because there was no information on the credibility or reliability of the unknowing third party, Appellant argues

that the magistrate could not have concluded that there was probable cause to believe that the crack cocaine came from Appellant's house. Because we conclude that the affidavit provided a substantial basis for the magistrate to find probable cause, we affirm.

## I.

Lubbock Police initially came to suspect that Appellant, Dimas Moreno, was distributing narcotics from his home when they received a tip from the Clovis, New Mexico Police Department.[1] Acting on this tip, officers orchestrated a controlled purchase of drugs from Appellant. Affiant–Officer Snodgrass averred the details of this operation in a sworn affidavit:

> Within the past 72 hours a confidential informant was able to make controlled purchase of suspected crack cocaine from said residence. During this operation I met with the confidential informant face to face. The confidential informant was searched prior to and after the controlled purchase. No narcotics or contraband was [sic] found on the confidential informant during these searches. Constant surveillance was maintained on the confidential informant during the transaction. The confidential informant made contact with an unknowing participant to purchase the crack cocaine the unknowing participant advised the confidential informant that he/she would have to go to said residence to pick up the crack cocaine. [sic] The surveillance team observed the unknowing participant leave the designated meet location and travel to said residence. The unknowing participant went into said residence and returned to his/her vehicle a few minutes later. The unknowing participant returned to the designated

---

[1]The relevant portion of the affidavit states:

Inv. Chavez of the City of Lubbock Police Department Narcotics Division advised me that he had received information within the past 90 days from the Clovis, NM Narcotics Division in reference to Moreno, Dimas Jr. distributing illicit narcotics from Lubbock to Clovis, NM. The address that the Clovis, NM narcotics division provided Inv. Chavez was 114 Ave V Lubbock, Lubbock County TX.

location and met with the confidential informant again and provided the confidential informant with the crack cocaine. The unknowing participant did not stop at any other location travelling [sic] to and from said residence. The unknowing participant was under constant visual surveillance. I took custody of the narcotics after the completion of the operation. I am able to recognize crack cocaine and other illicit and controlled substances. The suspected crack cocaine that was purchased was field tested and tested positive for cocaine. Said confidential informant is able to recognize crack cocaine and other controlled substances. Said confidential informant has given information in the past to the Lubbock Police Department Narcotics Division on previous occasions. Said confidential informant has proven to be credible and reliable.

On the basis of these facts, the magistrate issued a warrant to search Appellant's residence for crack cocaine and any other related contraband. Police executed the warrant, found the drugs, and arrested Appellant. Appellant was subsequently charged with possession with intent to deliver a controlled substance in an amount of four or more but less than 200 grams.[2] *See* TEX. HEALTH & SAFETY CODE §§ 481.112(d) & 481.134(c).

Appellant filed a motion to suppress, challenging the sufficiency of the affidavit. He claimed that there could be no probable cause when an affidavit describes a controlled purchase in which an unidentified individual of unknown credibility and reliability actually bought the drugs. The trial court held a hearing and denied the motion. Appellant preserved his right to appeal, pled guilty, and was sentenced to fifteen years' confinement.

On appeal, Appellant raised the same suppression claim. The court of appeals

---

[2]In its opinion, the court of appeals erroneously stated that Appellant was charged with possession of a controlled substance in an amount between "two hundred and four hundred grams."

affirmed, concluding that the affidavit was sufficient because probable cause was based upon police observations rather than upon any statements made by the unknowing participant. *Moreno v. State*, No. 07–11–0248–CR, 2012 WL 5511955, at \*3 (Tex. App.—Amarillo Nov. 14, 2012) (per curiam) (mem. op.) (not designated for publication).

To support its holding, the court relied on *Bibbs v. State*, No. 07–11–00064–CR, 2011 WL 4104878 (Tex. App.—Amarillo Sept. 15, 2011, no pet.) (mem. op.) (not designated for publication)[3] because *Bibbs* presented "almost identical facts involving the use of an unidentified participant . . . ." *Moreno*, 2012 WL 5511955, at \*3. *Bibbs*, in turn, relied on *Carillo v. State*, 98 S.W.3d 789 (Tex. App.—Amarillo Mar. 4, 2003, pet. ref'd), a published opinion, for the proposition that a probable-cause affidavit was not factually defective when police observations were sufficient to uphold the magistrate's finding of probable cause.

## II.

To issue a search warrant, the magistrate must first find probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). This process requires that the magistrate to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying

---

[3]Rule 47.7(a) of the Texas Rules of Appellate Procedure provides, "Opinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value but may be cited with the notation, '(not designated for publication).'" TEX. R. APP. P. 47.7(a).

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

As a reviewing court, we apply a highly deferential standard to the magistrate's determination because of the constitutional preference that searches be conducted pursuant to a warrant. *Id.* at 236; *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Accordingly, our duty "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed" based on the four corners of the affidavit and reasonable inferences therefrom. *Gates*, 462 U.S. at 238–39 (internal quotation marks and citations omitted); *Cassias v. State*, 719 S.W.2d 585, 587–88 (Tex. Crim. App. 1986).

### III.

Despite Appellant's arguments to the contrary, the court of appeals held that the affidavit was sufficient because probable cause was based, not on the statements of the unknowing participant, but on the observations of the police and the reasonable inferences therefrom. *Moreno*, 2012 WL 5511955, at *3. That is, probable cause was based on the constant surveillance by police of the unknowing participant and the reasonable inference that the unknowing participant went to Appellant's house to get the drugs. *See id.* To support its holding, the court of appeals relied on *Bibbs* (which in turn relied on *Carillo*).

In *Carillo*, an undercover officer met a "subject," who then told the officer that she

would go to the appellant's apartment to buy the cocaine. *Carillo*, 98 S.W.3d at 792. The officer followed the subject and waited outside while she purchased the cocaine inside the apartment. *Id.* She then delivered the cocaine to the officer. On the basis of those facts, a magistrate issued a warrant to search the appellant's apartment. *Id.* The *Carillo* Court concluded that the only reasonable inference that could be drawn from these facts is that the subject obtained the cocaine from the appellant's house. *Id.* at 793.

The issue in *Carillo*, as in this case, was whether a probable-cause affidavit describing a "controlled purchase" performed by an individual whose credibility or reliability were unknown was sufficient to sustain a probable-cause determination. In analyzing this issue, the *Carillo* Court first noted that the initial question was whether the affidavit was based on the informant's statements or police observation independent of those statements. *Id.* The basis for the court's disposition of the case was unclear but our reading of *Carillo* leads us to believe that the court held that the affidavit was sufficient based on the observations of the officer and the reasonable inferences derived therefrom.

Under the facts of this case, we agree with the court of appeals that the police observations of the controlled purchase and the reasonable inferences therefrom were sufficient to support a finding of probable cause. The affidavit in this case states that Lubbock police officers initially received information from Clovis law enforcement—a reliable source[4]—that Appellant was distributing narcotics from his residence. To

---

[4]*See United States v. Ventresca*, 380 U.S. 102, 110–11 (1965) (explaining that in contrast to tips from "unreliable anonymous informers," the "observations of fellow officers of the

corroborate this tip, officers enlisted the help of a confidential informant ("CI"), who was familiar with cocaine deals and had proven to be reliable and credible, to conduct a controlled purchase of crack cocaine from Appellant. The CI was first searched to ensure that he did not have any contraband on his person prior to the transaction. Then, a police surveillance team observed the CI make contact with the unknowing participant. This individual told the CI that he would go to Appellant's house to pick up the crack cocaine. Police observed the individual go to Appellant's house, enter, and exit a few minutes later. The unknowing participant then drove straight to the predesignated location and delivered the crack cocaine to the CI.

It was reasonable for the magistrate to infer that the unknowing participant obtained the crack cocaine from Appellant's residence. *See Gates*, 462 U.S. at 238. Indeed, as the Supreme Court noted in *Gates*, probable cause "does not deal with hard certainties, but with probabilities." *Id.* at 231. It is based on "common-sense conclusions about human behavior" formulated by "practical people." *Id.* Although it is possible that the third party obtained the cocaine from some other source as Appellant contends, Appellant presents no persuasive argument as to why the magistrate's inference that the third party bought the crack cocaine from Appellant was unreasonable. Additionally, unlike a confidential informant, the unknowing participant in this case appeared to be

---

Government engaged in a common investigation are plainly a reliable basis for a warrant . . . ."). In this case, Clovis law enforcement and Lubbock police officers were working on a common investigation regarding Appellant's distribution of cocaine.

unaware of his participation in the police-conducted controlled purchase and, therefore, had no apparent motive to engage in subterfuge to mislead the police. Further, Appellant presents us with no facts to indicate that the unknowing participant had such a motive.

Even if the credibility or reliability of the unknowing participant were essential to the probable-cause determination in this case, the unknowing participant's statements may be deemed reliable because they were made by the participant as "one of the actors in the crime in the nature of admission against interest." *Spinelli v. United States*, 393 U.S. 410, 425 (1969) (White, J., concurring).

**IV.**

Accordingly, we agree that the magistrate had a substantial basis for determining that there was a fair probability that crack cocaine would be found at Appellant's residence, and we affirm the judgment of the court of appeals.

Hervey, J.

Delivered: December 11, 2013

Publish