

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00020-CR

JAMES BUTLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2009-424,522, Honorable Bradley S. Underwood, Presiding

July 7, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

James Butler was convicted of and sentenced to sixty-five years in prison for possessing crack cocaine with intent to deliver. He now challenges the conviction by attacking the trial court's denial of his motion to suppress evidence found during the execution of a search warrant. According to appellant, the affidavit in support of the warrant was insufficient to establish probable cause to support a search. That is, he believes the allegations contained in the affidavit were insufficient to create a

reasonable probability that contraband would be found at the location to be searched when the warrant issued. We affirm.

*Background*

Officer Michael Chavez with the Narcotics Division of the Lubbock Police Department executed an affidavit to obtain a warrant permitting the search of 215 E. 36th. In his affidavit, he averred that, within the past 72 hours, he had arranged a controlled purchase of cocaine for himself as an undercover officer from an unidentified person from whom he had made a prior controlled purchase. The affidavit further revealed that the officer met the unidentified person at a prearranged location and was informed that they would have to go to another location to acquire the drug. They then drove to 215 E. 36th Street. Further alleged in the affidavit was the following:

> Affiant provided subject U.S. currency for the purchase of cocaine base from a subject with the alias "Cat" inside the listed location. Affiant observed subject enter the residence. Subject exited residence after approximately three minutes, which is consistent with narcotics trafficking. Subject entered back into affiant's vehicle and advised he/she had to weigh the cocaine base. Subject showed affiant a large piece of uncut suspected cocaine base. Subject advised that he/she had made a purchase of cocaine base for himself/herself and the affiant. Affiant then drove subject back to the prearranged location. Subject did cut a piece of the suspected cocaine base at this location and provide it to affiant. The suspected cocaine base was tested using a field kit. The suspected cocaine base did test positive for cocaine. Affiant has on many occasions observed cocaine, cocaine base, and other narcotics. Affiant is able to recognize controlled substances to include crack cocaine. Affiant has on many occasions conducted undercover narcotics purchases to include crack cocaine.

*Authority*

When assessing the sufficiency of an affidavit to support issuance of a search warrant, we apply a highly deferential standard to the magistrate's determination.

2

*Moreno v. State*, 415 S.W.3d 284, 287 (Tex. Crim. App. 2013). Our duty "'is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed' based on the four corners of the affidavit and reasonable inferences therefrom." *Id.*, *quoting Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The probable cause to which we refer is nothing more than the existence of a fair probability that contraband will be found in a particular place at the time the warrant is issued. *State v. Castro*, No. 07-13-00146-CV, 2014 Tex. App. LEXIS 10620, at *9 (Tex. App.— Amarillo, September 23, 2014, no pet.) (not designated for publication). This means that we are not dealing with "'. . . hard certainties, but with probabilities.'" *Moreno v. State*, 415 S.W.3d at 288, *quoting Illinois v. Gates*, *supra.* And, in searching the four corners of the affidavit to find that fair probability, we do not concern ourselves with whether other facts could have, or even should have, been alleged; instead, our focus lies upon the combined logical force of the facts recited in, not omitted from, the affidavit. *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007).

*Application*

In *Moreno v. State*, the affidavit contained facts illustrating that 1) a police officer engaged a confidential informant to buy cocaine, 2) the officer searched the informant and determined he carried no drugs, 3) the officer observed the informant approach a third party to buy the drugs, 4) the third party indicated that he would have to go to another residence to get the drugs, 5) the officer observed the third party go to the other residence, enter it, and exit it, 6) the third party returned to the confidential informant and provided the latter with drugs, 7) the third party was not seen going to another locale before releasing the drugs to the informant, 8) the officer, who recognized

cocaine, acquired the substance from the informant and field tested it, 9) the substance tested positive for cocaine, 10) the confidential informant, who himself could recognize cocaine, had provided reliable information to the police in the past, and 11) the facts recited in the affidavit occurred within 72 hours of the affidavit's execution. According to our Court of Criminal Appeals in *Moreno*, ". . . the police observations of the controlled purchase and the reasonable inferences therefrom were sufficient to support a finding of probable cause." *Moreno v. State*, 415 S.W.3d at 288. The court further held that it "was reasonable for the magistrate [issuing the warrant] to infer that the . . . [third party] obtained the crack cocaine from Appellant's residence." *Id.* This is instructional at bar.

The affidavit before us mentions no confidential informant. But, the other relevant circumstances here and in *Moreno* are surprisingly similar. We have an officer/affiant witnessing that of which he spoke. We have an officer/affiant approaching someone to buy cocaine. The officer/affiant previously had acquired drugs from this prospective seller. The latter indicated that he had to acquire the substance at another location. The officer/affiant journeyed to the other location with the prospective seller in a vehicle. The officer/affiant watched the prospective seller enter the abode, exit the abode within minutes, and return to the vehicle. Upon his return to the vehicle, the prospective seller presented the officer/affiant with what the officer suspected was a "large" amount of "cocaine base." The officer/affiant was able to recognize "cocaine base." The prospective seller cut the substance and gave a portion of it to the officer/affiant. And, the officer/affiant field tested it, and the substance tested positive for cocaine. As in *Moreno*, the affiant's observations of the purchase and the

4

reasonable inferences therefrom were sufficient to enable the magistrate issuing the warrant to reasonably infer that cocaine was obtained from the house to be searched.

Given that the officer/affiant had previously bought drugs from the prospective seller, the seller wanted cocaine for himself, the seller went to and obviously knew of a particular location at which he could buy cocaine, and the seller exited the location with a "large" quantum of the drugs sufficient to divide with the officer/affiant, the magistrate issuing the warrant also had basis to reasonably infer that the abode from which the drugs were acquired was one from which cocaine was periodically sold. This, in turn, rendered it likely that drugs could be found at the location to be searched at the time the warrant issued.

We finally note that appellant alludes to a plethora of circumstances to attack the reasonable inferences in which the magistrate could have indulged. Yet, those circumstances do not appear within the affidavit. So, we cannot consider them. Again, our review is restricted to the four corners of the affidavit.

Accordingly, we affirm the trial court's denial of the motion to suppress.

Brian Quinn
Chief Justice

Do not publish.

5