

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00457-CR

---

CLAY MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2015-405,893, Honorable Jim Bob Darnell, Presiding

---

June 29, 2018

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Clay Morgan, appeals his conviction for possession with intent to deliver a controlled substance, methylenedioxy methamphetamine, in an amount of four grams or more but less than 400 grams.[1]  The trial court sentenced appellant to ten years' imprisonment, but suspended the sentence and placed him on community supervision for ten years.  In a single issue, appellant contends the trial court erred when it denied his

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.113(a), (d) (West 2017) (a first-degree felony).

motion to suppress evidence obtained pursuant to a search warrant. We will affirm the judgment.

## Background

On March 27, 2015, Officer Michael Welty III, a narcotics investigator for the Lubbock Police Department, submitted an affidavit requesting a search warrant for the premises located at 3104 22nd Street, Lubbock, Texas. According to the affidavit, Officer Welty had personal information that the premises were controlled by appellant and being used to possess and traffic marijuana.

The affidavit alleged the following: On March 5, 2015, a confidential informant contacted Officer Welty and advised he or she could purchase marijuana from appellant. Another officer met with the informant at a predetermined location. The officer searched the informant and location for narcotics and provided the informant with a recording device and "buy money." The informant then contacted appellant and arranged a meeting at the location. An officer observed appellant exit the residence at 3104 22nd Street, enter a Ford Explorer, and drive to the location. Appellant and the informant were kept under constant surveillance during this time. Officers observed appellant enter the location and give the informant a plastic bag containing a green and leafy substance in exchange for money. A field test revealed the substance to be marijuana.

The affidavit described a second controlled drug purchase occurring within seventy-two hours prior to March 27, 2015. A confidential informant[2] contacted Officer

---

[2] The affidavit does not specify whether the confidential informant assisting in the second controlled drug purchase was the same informant used during the first controlled drug purchase.

Welty about purchasing marijuana from appellant. Officer Welty met with the informant at a predetermined location and searched the informant and location for narcotics. The informant was provided with a recording device and "buy money." After the informant contacted appellant, an officer observed appellant leave the 3104 22nd Street residence in a Dodge Nitro and arrive at the location. Appellant and the informant were kept under constant surveillance. The officers observed appellant enter the location and give the informant a plastic bag containing what appeared to be marijuana in exchange for money. Officer Welty field-tested the substance and it tested positive for marijuana.

Based on Officer Welty's affidavit, a magistrate signed a search warrant on March 27, 2015, authorizing the search of the residence at 3104 22nd Street, the Ford Explorer, and the Dodge Nitro for marijuana, contraband, and any items consistent with drug trafficking. As a result of the search, appellant was indicted for possession with intent to deliver methylenedioxy methamphetamine, possession with intent to deliver dihydrocodeinone, and possession of marijuana.

Before trial, appellant filed a motion to suppress evidence obtained in the search, claiming that there was no probable cause to issue the search warrant for the residence. The trial court denied the motion and issued findings of fact and conclusions of law. Appellant subsequently pled guilty, pursuant to a plea bargain agreement, to possession with intent to deliver a controlled substance in an amount of four grams or more but less than 400 grams. He was sentenced to ten years' confinement, suspended in favor of community supervision for ten years. The State later dismissed the charges for possession with intent to deliver dihydrocodeinone and possession of marijuana. Appellant appeals the denial of his pre-trial motion to suppress.

Standard of Review

A magistrate may only issue a search warrant if the warrant is supported by an affidavit showing probable cause that a particular item will be found in a particular location. *See* U.S. CONST. amend. IV (guaranteeing individuals the right to be free from unreasonable searches and seizures); TEX. CONST. art. I, § 9 (same); *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). Evidence obtained in violation of federal or state constitutional protections is generally inadmissible. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961); *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018).

We apply a highly deferential standard of review to a magistrate's probable-cause determination. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Our inquiry is whether the supporting affidavit presents sufficient facts, coupled with reasonable inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *Rodriguez*, 232 S.W.3d at 62. We are to interpret the supporting affidavit in a commonsense and realistic manner and defer to all reasonable inferences that the magistrate could have made. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). If the magistrate had a substantial basis for concluding that probable cause existed based on the "four corners" of the affidavit and reasonable

inferences therefrom, we must uphold the magistrate's probable-cause determination. *McLain*, 337 S.W.3d at 271-72.

Analysis

We must uphold the trial court's denial of appellant's motion to suppress evidence if Officer Welty's affidavit established probable cause to search the 3104 22nd Street residence. Appellant claims the affidavit did not demonstrate probable cause because it did not present facts showing that drugs were possessed at the residence, did not address the confidential informants' reliability, and was based on stale information.

<u>Connection to the Residence</u>

Appellant argues the affidavit did not demonstrate a connection between the residence and the controlled drug purchases at the unidentified locations. According to appellant, the affidavit did not present any evidence of drug possession or trafficking at the residence or show that appellant controlled the residence.

Officer Welty's affidavit described two controlled drug purchases where appellant was observed leaving the residence and delivering marijuana to an informant. Courts have found affidavits describing police surveillance of similar controlled drug purchases sufficient to establish probable cause. For example, in *Moreno v. State*, 415 S.W.3d 284 (Tex. Crim. App. 2013), the affidavit described a controlled purchase between a confidential informant and an unknown third party at an unidentified location. After the informant contacted the unknown person to purchase crack cocaine, officers observed the unknown person travel to a residence, enter the residence, and return to deliver crack cocaine to the informant. *Id.* at 286. The unknown person was kept under constant

5

surveillance and did not stop at any other location traveling to and from the residence. *Id.* Based on these facts, the Court of Criminal Appeals found it was reasonable for the magistrate to infer that the unknown person had obtained the crack cocaine from the residence. *Id.* at 288. Therefore, the magistrate had a substantial basis for determining that crack cocaine would likely be found at the residence. *Id.* at 289.

Similarly, in *Carrillo v. State*, 98 S.W.3d 789 (Tex. App.—Amarillo 2003, pet. ref'd), the supporting affidavit described a drug purchase between an undercover officer and an unidentified person at an undisclosed location. After the officer paid the unidentified person for cocaine, the person was observed traveling to a residence, returning from the residence, and delivering cocaine to the officer. *Id.* at 792. This Court found that under these circumstances, there was probable cause to search the residence. *Id.* at 794-95.

Here, officers observed appellant leave the residence immediately before delivering marijuana to a confidential informant on two occasions. The affidavit provides that appellant was kept under "constant surveillance" during each controlled drug purchase and does not state that he traveled to any other locations after leaving the residence. Based on the officers' surveillance of the controlled drug purchases as presented in the affidavit, the magistrate could have reasonably inferred that marijuana was probably at the residence. *See Moreno*, 415 S.W.3d at 288 ("police observations of the controlled purchase and the reasonable inferences therefrom were sufficient to support a finding of probable cause").

Despite appellant's claims, it was unnecessary for the affidavit to show other indications of drug possession or trafficking at the residence to establish probable cause,

6

such as extensive foot traffic, the smell of marijuana, or evidence of contraband found in trash cans outside of the residence. *Rodriguez*, 232 S.W.3d at 62 (requiring reviewing courts to focus on whether the facts contained in the four corners of the affidavit established probable cause, not "whether there are other facts that could have, or even should have, been included in the affidavit"). Police surveillance of appellant leaving the residence and delivering marijuana, as described in the affidavit, produced sufficient facts connecting the contraband with the residence. *See Bibbs v. State,* No. 07-11-00064-CR, 2011 Tex. App. LEXIS 7552, at *7-9 (Tex. App.—Amarillo Sept. 15, 2011, no pet.) (mem. op., not designated for publication). For this reason, it was also unnecessary for the affidavit to show that appellant was in control of the residence to establish probable cause to search the residence. *See Serrano v. State*, 123 S.W.3d 53, 61 (Tex. App.—Austin 2003, pet. ref'd) (the crucial element in the probable-cause determination is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched).

Finally, appellant cites eight cases in which reviewing courts found an affidavit insufficient to show probable cause. None of these cases, however, involved controlled drug purchases or any facts similar to those presented in Officer Welty's affidavit.

Credibility of the Confidential Informants

Appellant also argues that Officer Welty's affidavit failed to address the credibility of the confidential informants as the affidavit did not state whether the informants were facing prosecution, had criminal records, or had provided correct criminal information to law enforcement in the past.

7

Evidence of an informant's credibility is not a separate requirement in every case, but a factor to be considered in the "totality of circumstances" test. *See Knight v. State*, 814 S.W.2d 545, 547 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (citing *Gates*, 462 U.S. at 230-31). Thus, the circumstances of a controlled drug purchase, standing alone, may be sufficient to provide probable cause even if the affidavit did not contain any information about an informant's credibility. *See Salazar v. State*, 806 S.W.2d 291, 293-94 (Tex. App.—Amarillo 1991, no pet.); *Smith v. State*, No. 02-15-00053-CR, 2015 Tex. App. LEXIS 12338, at *11-13 (Tex. App.—Fort Worth Dec. 3, 2015, pet. ref'd) (mem. op., not designated for publication).

The warrant in this case was not issued solely upon the information, provided by the informants, that marijuana could be purchased from appellant. Rather, probable cause to search the residence was based on the observations of law enforcement during the controlled drug purchases and the reasonable inferences therefrom. *See Moreno*, 415 S.W.3d at 286-88; *Herrod v. State*, No. 03-09-00076-CR, 2010 Tex. App. LEXIS 7243, at *11-12 (Tex. App.—Austin Aug. 31, 2010, no pet.) (mem. op., not designated for publication). The officers' observations of the controlled drug purchases were, therefore, sufficient to support a finding of probable cause without evidence of the informants' credibility. *See Moreno*, 415 S.W.3d at 286-88; *Herrod*, 2010 Tex. App. LEXIS 7243, at *11-12. These observations also corroborated the original information provided by the informants. *See Knight*, 814 S.W.2d at 547 (relying on information received from an informant is acceptable so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge).

<u>Timeliness of the Information</u>

Finally, appellant claims the affidavit contained stale information about the first controlled drug purchase which should not have been considered in the magistrate's probable-cause determination.

Facts alleged in an affidavit must have occurred recently enough to justify a finding of probable cause at the time the search warrant was issued. *Guerra v. State*, 860 S.W.2d 609, 611 (Tex. App.—Corpus Christi 1993, pet. ref'd). If so much time has passed that it is unreasonable to presume that the items sought are still located at the suspected place, the information in the affidavit is stale and does not demonstrate probable cause. *Kennedy v. State*, 338 S.W.3d 84, 93 (Tex. App—Austin 2011, no pet.).

The proper method for determining whether facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the events set forth in the affidavit and the time the search warrant was issued. *McKissick v. State,* 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The amount of time passed is less significant, however, when the affidavit recites facts showing "activity of a protracted and continuous nature—i.e., a course of conduct." *Id.* Thus, the Court of Criminal Appeals has held that evidence of ongoing drug activity at the suspected location may defeat a claim of staleness. *See Jones v. State*, 364 S.W.3d 854, 862 (Tex. Crim. App. 2012).

The affidavit in *Jones* alleged facts that had occurred sometime during the ten months before the warrant was issued. *Id.* In the affidavit, the officer alleged that law enforcement had "recently" received two tips from informants that drugs were being sold

from a residence and, as a result, conducted a controlled drug purchase from the residence. *Id.* at 855-56. The Court of Criminal Appeals found that the magistrate could have inferred, based on other information in the affidavit, that these events occurred within the prior ten months. *Id.* at 862. According to the Court, these facts were sufficient to establish probable cause that a continuing drug business was being operated from the residence, a "secure operational base." *Id.* Therefore, the ten-month gap between the events and the issuance of the warrant did not present a staleness problem in this case. *Id.*

Officer Welty requested the search warrant on March 27, 2015. The warrant was issued that day. His affidavit described two controlled drug purchases, the first occurring on March 5, 2015, and the second occurring within three days before March 27. In both instances, appellant was observed by law enforcement selling marijuana to an informant immediately after leaving the residence. Based on the police observations of the controlled drug purchases, the magistrate could have reasonably inferred that a continuous drug business was being operated from the residence. *Id.* The allegations concerning the March 5 controlled drug purchase were, therefore, recent enough to demonstrate probable cause that marijuana was located at the residence when the warrant issued on March 27. Accordingly, the information contained in Officer Welty's affidavit was not stale.

Conclusion

Based on the totality of the circumstances set forth in Officer Welty's affidavit and the reasonable inferences therefrom, we find the magistrate had a substantial basis for concluding that marijuana would probably be found at the 3104 22nd Street residence. Therefore, the trial court properly deferred to the magistrate's probable-cause determination and did not err when it denied appellant's motion to suppress. We overrule appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.