**REVERSE AND REMAND and Opinion Filed October 12, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01154-CR**
**No. 05-22-01155-CR**

**STATE OF TEXAS, Appellant**
**V.**
**CHRISTIAN BRUCE GONZALES, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-82430-2022 & 416-81431-2022**

## OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

The State appeals the trial court's orders granting Christian Bruce Gonzales's

motions to suppress evidence seized without a warrant. The State contends the trial

court erred in concluding Allen Police Department officers did not have probable

cause to conduct the warrantless search. We reverse the trial court's orders granting

Gonzales's motions to suppress and remand the cases for further proceedings.

BACKGROUND

On December 5, 2021, at approximately 9:20 p.m., Allen Police Department Officers Richard Caldwell and Joshua Robbins were on patrol in separate vehicles. The officers were sitting in their parked vehicles conversing with each other through open windows when a pickup truck drove past them. As the truck passed by, both officers detected the strong odor of marijuana emanating from it. The odor dissipated as the truck drove away. The officers followed the truck to a nearby gas station. When they arrived, the truck was parked at a gas pump. The driver and front-seat passenger were still in the vehicle and the back-seat passengers, Gonzales and his girlfriend, had exited the vehicle and were walking into the gas station's convenience store. Officer Robbins followed Gonzales and his girlfriend into the store and ordered them to return to the truck. In the meantime, Officer Caldwell approached the truck as the driver and the front-seat passenger exited the vehicle. As he did so, he immediately detected a strong odor of marijuana. When Officer Robbins returned to the truck with Gonzales and his girlfriend, he also detected the odor of marijuana. Based on the odor, Officer Robbins searched the truck and, in doing so, he found a green leafy plant in the backseat's right-door pocket. He believed the substance was marijuana. He also found a polymer 80 handgun in the map pocket behind the front passenger seat. At some point during the encounter, Gonzales told the officers he had been sitting in the backseat on the right side. Officer Robbins then arrested Gonzales for unlawful possession and carrying of a

firearm. During a search incident to the arrest, Officer Robbins found marijuana on Gonzales's person.

A grand jury indicted Gonzales for the third-degree felony offense of unlawful possession of a firearm by a felon and the second-degree felony offense of unlawful carrying of a weapon with a felony conviction. TEX. PENAL CODE ANN. §§ 46.04(e), 46.02(e)(1). Gonzales filed motions seeking to suppress evidence asserting the officers lacked probable cause to conduct the warrantless search of the truck.

The trial court held a hearing on Gonzales's motions to suppress. At the hearing, the State called Officers Caldwell and Robbins to testify. Gonzales did not testify or call any witnesses. The officers indicated they conducted the warrantless search based upon the odor of marijuana. Both officers established that they were trained and experienced in detecting the odor of marijuana. They acknowledged that they could not tell whether the substance they smelled was marijuana or hemp without a lab test to differentiate the tetrahydrocannabinol (THC) concentration of the substance.[1] Gonzales challenged whether police officers could still rely on their training and experience and senses of sight and smell to establish probable cause for marijuana possession, as a basis to conduct a warrantless search, since hemp, which comes from the same plant as marijuana, has become legal and can be easily confused for marijuana. He urged there was insufficient probable cause to support

---

[1] Marijuana and hemp come from the same plant, Cannabis sativa L.

a lawful search of the truck during which the officers discovered the firearm that led to the charges against him in the unlawful possession and carrying cases.

The trial court entered orders granting Gonzales's motions to suppress and issued the following findings of fact:

1. On December 5, 2021 at 9:00 p.m., Allen Police Officers Richard Caldwell and Joshua Robbins were on patrol duty in the city of Allen, Collin County, Texas. Both officers are certified police officers and have training and experience in the detection of illegal drugs.

2. While parked in an empty parking lot at 840 W. Stacy Road, both officers observed a moving vehicle drive by them from approximately 30-50 feet away. Both officers testified they smelled what they believed to be the odor of marijuana emanating from the vehicle.

3. Both officers began following the vehicle in their separate patrol vehicles. Officer Robbins followed directly behind the vehicle and testified he detected the same odor while he and Defendants [sic] vehicles [sic] were still in transit.

4. The vehicle pulled into a nearby gas station. Both officers parked near the vehicle and began an encounter with the vehicle's four occupants, including the defendant. Both officers testified they detected the same odor of what they believed to be marijuana while next to the vehicle.

5. The officers testified there were no other factors of criminality present, and [they] had no reason to perform a traffic stop.

6. Based on his belief the odor of marijuana was emanating from the vehicle, Officer Robbins performed a warrantless search of the vehicle. He found a polymer SS80 firearm with no serial number and approximately 0.8 ounces of a substance he believed to be marijuana. These objects were found in close proximity to the seat the Defendant was understood to have been seated in.

7. While searching the Defendant's person, Officer Robbins found what the Defendant admitted to be marijuana in his sock.

8. The Defendant was then placed under arrest for Unlawful Possession of a Firearm by a Felon, Unlawful Carrying of a Weapons with a Felony

–4–

Conviction, and Possession of Marijuana.

9. Both officers testified that they are unable to discern the difference between the odor of marijuana and the odor of hemp and a lab test was required to differentiate the THC concentration of either substance.

In addition, the trial court issued the following conclusions of law:

1. The encounter occurred in Collin County, State of Texas.

2. An officer has probable cause to perform a warrantless search if reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found. Courts have previously held that the odor of marijuana is sufficient probable cause for a peace officer to perform a warrantless search of the vehicle from which the odor came.

3. These holdings were abrogated by Texas House Bill 1325, signed into law June 2019, which changed the definition of "marihuana" and excluded "hemp."

4. Based on the testimony and evidence admitted at the hearing, the court finds Officer Joshua Robbins did not have probable cause to perform a warrantless search of the vehicle.

This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(5) (State entitled to appeal an order of a court in a criminal case if the order grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for purpose of delay and that the evidence, confession, or admission is of substantial importance in the case).[2]

---

[2] The State made the required certifications in both of the cases.

DISCUSSION

## I.    Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court applies a bifurcated standard of review.  *See State v. Hardin*, 664 S.W.3d 867, 871 (Tex. Crim. App. 2022).  An appellate court gives almost total deference to the trial court's determination of historical facts.  *See id.*  Likewise, an appellate court affords almost total deference to a trial court's ruling on mixed questions of law and fact if the resolution to those questions turns on the evaluation of credibility and demeanor. *See id.* at 872.  And an appellate court reviews the trial court's legal ruling on a motion to suppress de novo, unless its specific fact findings that are supported by the record are also dispositive of the legal ruling.  *See Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013).  Here, the State challenges the trial court's conclusion of law with respect to the effect of the legislature's enactment of the Texas Hemp Farming Act and its impact on probable cause and warrantless searches. Thus, our review of the issue presented is de novo.

## II.    Warrantless Searches and Probable Cause

The Fourth Amendment protects against unreasonable searches and seizures conducted by governmental officials.  U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).  Generally, a warrantless search is per se unreasonable unless it falls within one of the few specifically defined and well established exceptions to the warrant requirement.  *Schneckloth v. Bustamonte*, 412

–6–

U.S. 218, 219 (1973); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

One exception to the warrant requirement is the automobile exception. *See Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017). The automobile exception allows police officers to conduct a warrantless search of an automobile if the vehicle is readily mobile and the officer has probable cause to believe that the vehicle contains contraband. *Id.* The two justifications for the automobile exception are the automobile's ready mobility and the lower expectation of privacy in an automobile because it is subject to government regulation. *See Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Unlike warrantless searches of residences, the automobile exception does not require exigent circumstances. *Neal v. State*, 256 S.W.3d 264, 283 (Tex. Crim. App. 2008). Accordingly, an officer may search a vehicle on the basis of probable cause to believe that it contains contraband, although exigent circumstances do not exist. *Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) ("[A] finding of probable cause 'alone satisfies the automobile exception to the Fourth Amendment warrant requirement.'") (citation omitted).

Probable cause does not deal with hard certainties, but with probabilities. *Moreno v. State*, 415 S.W.3d 284, 288 (Tex. Crim. App. 2013). For probable cause to exist, there must be a fair probability of finding inculpatory evidence at the location being searched. *Marcopoulos*, 538 S.W.3d at 600. Probable cause is not a high bar. *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). It requires more

than bare suspicion but less than would justify conviction. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

### III. Basis for Search – Odor of Marijuana

The officers testified, and the trial court found, the basis for their search of the vehicle in which Gonzales was a passenger was their detection of the odor of marijuana. Courts have long held that the odor of marijuana alone is sufficient to constitute probable cause to search a defendant's person, vehicle, and objects within the vehicle. *See, e.g.*, *Moulden v. State*, 576 S.W.2d 817, 819–20 (Tex. Crim. App. 1978); *Deleon v. State*, 530 S.W.3d 207, 211 (Tex. App.—Eastland 2017, pet. ref'd); *Bogan v. State*, No. 02–15–00354–CR, 2016 WL 1163725, at *2–3 (Tex. App.—Fort Worth Mar. 24, 2016, pet. ref'd) (mem. op., not designated for publication); *Harris v. State*, 468 S.W.3d 248, 255 (Tex. App.—Texarkana 2015, no pet.); *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Jordan v. State*, 394 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The issue presented here is whether the trial court erred in concluding the Texas Hemp Farming Act eradicated this line of cases. The State urges the Texas Hemp Farming Act did not eradicate these cases and that the trial court erred in concluding it did. Before we determine whether the trial court erred in reaching its conclusion, we briefly discuss the adoption and effect of the Texas Hemp Farming Act.

## IV. Texas Hemp Farming Act

The federal Agricultural Improvement Act of 2018 (2018 Farm Bill) classified "hemp" as an agricultural product and generally authorized each state to decide whether and how to regulate it within the state's borders. *Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 650 (Tex. 2022). Although "marijuana" remains a Schedule 1 substance under the federal Controlled Substances Act, the 2018 Farm Bill excludes "hemp" and hemp products that are cultivated, produced, manufactured, and sold in compliance with federal regulations and the relevant state's federally approved plan. *Id.*

In 2019, the Texas Legislature adopted a hemp plan, commonly referred to as the Texas Hemp Farming Act. *See* Act of May 22, 2019, 86th Leg., R.S., ch. 764, 2019 Tex. Gen. Laws 2085. In doing so, the legislature enacted Chapters 121 and 122 of the Texas Agriculture Code, generally permitting and regulating the cultivation and handling of hemp within this state.[3] *See* TEX. AGRIC. CODE ANN. §§ 121.001–122.404; *see also Crown Distrib.*, 647 S.W.3d at 650. But the Texas Hemp Farming Act expressly prohibits the manufacturing of products containing hemp for smoking. AGRIC. § 122.301(b); *Crown Distrib.*, 647 S.W.3d at 651. And Chapter 443 of the Health and Safety Code requires the commissioner's rules to reflect the principle that the processing or manufacturing of a consumable hemp

---

[3] Hemp is the plant Cannabis sativa L. with a delta-9 THC of not more than 0.3 percent on a dry weight basis. AGRIC. § 121.001.

product for smoking is prohibited. TEX. HEALTH & SAFETY CODE ANN. § 443.204(4). Based on this mandate, the commissioner adopted rule 300.104, which prohibits the manufacturing and processing of consumable hemp products for smoking. *See* 25 TEX. ADMIN. CODE § 300.104; *Crown Distrib.*, 647 S.W.3d at 651.[4] The Texas Legislature also amended the Health and Safety Code to remove hemp from the definition of marijuana. HEALTH & SAFETY § 481.002(26)(F); *Smith v. State*, 620 S.W.3d 445, 448–49 (Tex. App.—Dallas 2020, no pet.).

## V.    Analysis

The State contends that the trial court erred in granting Gonzales's suppression motions because the court's conclusions of law and ruling directly conflict with (1) this Court's decision in *Cortez v. State*, (2) the legislative intent that law enforcement continue to enforce the marijuana laws after the enactment of the Texas Hemp Farming Act, and (3) the well-settled Fourth Amendment probable cause standard. The State aptly notes that when the trial court reached its conclusion the Texas Hemp Farming Act eradicated the line of cases holding that the odor of marijuana alone establishes probable cause to support a warrantless search of a vehicle and its occupants, it did not have the benefit of this Court's

---

[4] The hemp companies in the *Crown Distribution* case sought an injunction prohibiting the enforcement of Section 443.204(4) and rule 300.104. The trial court granted a temporary injunction against enforcement of the rule but not against Section 443.204(4). The court of appeals affirmed the temporary injunction against enforcement of the rule's prohibition of the distribution and retail sale of smokable hemp products. *Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, No. 03-20-00463-CV, 2021 WL 3411551, at *8 (Tex. App.—Austin Aug. 9, 2021, no pet.) (mem. op.). The status or the effect of that injunction is not germane to our resolution of the State's issue here.

–10–

decision in *Cortez v. State*, in which we affirmed the validity of the line of cases holding that the odor of marijuana alone is sufficient to constitute probable cause to search a defendant's person, vehicle, and objects within the vehicle, after the enactment of the Texas Hemp Farming Act. *See Cortez v. State*, No. 05-21-00664-CR, 2022 WL 17817963, at *6–8 (Tex. App.—Dallas Dec. 20, 2022, pet. ref'd) (mem. op., not designated for publication).

Cortez, like Gonzales, argued that because it is impossible to distinguish marijuana from hemp by smell, the odor of Cannabis sativa L. alone is insufficient to establish probable cause to permit a warrantless search. The trial court and this Court rejected that argument. In doing so, this Court stated:

> The "touchstone" of the [F]ourth [A]mendment, of course, is "reasonableness." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). "To be reasonable," however, "is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'" *Id.* at 60-61. An error of fact or law, if reasonable, will not render the officer's judgment on the scene as invariably unreasonable. *Id.* at 61-68. Thus, if an officer, while conducting an otherwise permissible inventory search of a vehicle comes across bales of white powder wrapped tightly in plastic and duct tape, determines on the scene that seizure and arrest appear appropriate, the decision is not retroactively rendered "unreasonable" because later laboratory testing reveals the substance to be something other than cocaine. Were it otherwise, our drug laws would become practically unenforceable.

*Id.* at *7. Further, in addressing Cortez's argument that, because marijuana and hemp come from the same plant, it is impossible to distinguish between the two by smell and, therefore, the possibility of error was invariably present and, thus, the

–11–

odor of Cannabis sativa L. is insufficient by itself to establish probable cause to search, we stated:

> But the possession of marijuana is still a criminal offense under Texas law and a reasonable, even if ultimately erroneous conclusion by an officer on the scene as to the identity of the substance, would be permitted under the Fourth Amendment.

*Id.* We then concluded that the odor of Cannabis sativa L. emanating from Cortez's vehicle gave the officer probable cause to search the vehicle, as well as its occupants, and the trial court did not err when it concluded there was probable cause to support the officer's warrantless search of Cortez's vehicle based on the officer's belief that he smelled Cannabis sativa L. *Id.* at *7–8.

In addition to this Court, several courts throughout the United States, in jurisdictions where hemp is legal and marijuana remains illegal, have arrived at the conclusion that officers may still rely on the odor of marijuana to establish probable cause to investigate marijuana possession. *See, e.g.*, *State v. Moore*, 408 Wis. 2d 16, 991 N.W.2d 412, 417 (2023); *Moore v. State*, 211 N.E.3d 574, 579–81 (Ind. Ct. App. 2023) (first citing *United States v. Vaughn*, 429 F. Supp. 3d 499 (E.D. Tenn. 2019); and then citing *United States v. Boggess*, 444 F. Supp. 3d 730, 737 (S.D.W. Va. 2020)); *State v. Teague*, 286 N.C. App. 160, 879 S.E.2d 881, 896 (2022); *State v. Tillman*, 203 N.E.3d 71, 77 (Ohio Ct. App. 2022) (citing *State v. Withrow*, —— Ohio App. ——, 194 N.E.3d 804, 810–11 (2022)); *Owens v. State*, 317 So. 3d 1218, 1220 (Fla. Dist. Ct. App. 2021).

Moreover, our decision in *Cortez* is supported by the plain language of the Texas Hemp Farming Act, which indicates that the legislature did not intend to infringe on the enforcement of laws regulating marijuana and the probable cause standard. *See* AGRIC. § 122.358(d) ("This subchapter does not limit or restrict a peace officer from enforcing to the fullest extent the laws of this state regulating marihuana and controlled substances, as defined by Section 481.002, Health and Safety Code."); *see also* Ryan Golden, *Dazed & Confused; The State of Enforcement of Marijuana Offenses After the Texas Hemp Farming Act*, 72 BAYLOR L. REV. 737, 753–54 (2020) ("These provisions [§§ 122.356(b) and 122.358] evidence the legislature's clear intent that law enforcement continue to enforce Texas law by searching, and if necessary, seizing suspected illegal substances, including marijuana.").

Notwithstanding the fact that industrial hemp is now legal and may be indistinguishable from marijuana without a lab test, marijuana remains illegal, and the probable cause standard for police to detect it remains the same: "Probable cause 'exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found.'" *Hyland v. State*, 574 S.W.3d 904, 910 (Tex. Crim. App. 2019) (citing *Washington v. State*, 660 S.W.2d 533, 535 (Tex. Crim. App. 1983)). Officers are not required to be absolutely certain or have actual confirmation that a

substance they believe to be marijuana is marijuana and not hemp. *See Lewis v. State*, No. 01-09-00530-CR, 2010 WL 3450246, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 31, 2010, no pet.) (mem. op., not designated for publication) ("[T]he U.S. Supreme Court has held that an officer need not have actual confirmation of the illegality of a substance in order to have probable cause.") (citing *Tex. v. Brown*, 460 U.S. 730, 741–42 (1983)). As stated *supra*, probable cause does not deal with hard certainties, but with probabilities. *See Moreno*, 415 S.W.3d at 288. Probable cause merely requires that the facts available to the officer would warrant a person of reasonable caution in the belief that certain items may be contraband; it does not demand any showing that such a belief be correct or more likely true than false. *Brown*, 460 U.S. at 742.

Officers Caldwell and Robbins testified regarding their training and experience detecting the odor of marijuana. Officer Caldwell testified that he had come into contact with marijuana on a "pretty regular basis" but that he had never seen anyone smoking hemp out in public and that, as far as he had seen, hemp is not regularly smoked out in public. Officer Robbins testified similarly. Officers Caldwell and Robbins both indicated that they smelled a strong odor of marijuana emanating from the truck in which Gonzalez was a passenger. As marijuana possession is a crime, its odor may evidence criminal activity. HEALTH & SAFETY § 481.121 (a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marijuana); *see also Cortez*, 2022 WL 17817963, at

–14–

*7; *Stringer v. State*, 605 S.W.3d 693, 697 (Tex. App.—Houston [1st Dist.] 2020, no pet.). We conclude the odor of Cannabis sativa L. emanating from the vehicle in which Gonzales was an occupant gave the officers probable cause to search the vehicle as well as its occupants. *Cortez*, 2022 WL 17817863, at *8; *Stringer*, 605 S.W.3d at 697. Thus, the trial court erred in concluding Officer Robbins did not have probable cause to perform a warrantless search of the vehicle. We sustain the State's sole issue.

### CONCLUSION

We reverse the trial court orders granting Gonzales's motions to suppress and remand the cases for further proceedings.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Publish
Tex. R. App. P. 47

221154F.P05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-01154-CR        V.

CHRISTIAN BRUCE GONZALES, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-81430-2022.

Opinion delivered by Justice Kennedy. Justices Carlyle and Smith participating.

Based on the Court's opinion of this date, the trial court's October 12, 2022 order granting appellee's motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 12th day of October, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-22-01155-CR          V.

CHRISTIAN BRUCE GONZALES,
Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-81431-
2022.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

Based on the Court's opinion of this date, the trial court's October 12, 2022 order granting appellee's motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 12th day of October, 2023.